Collard, Commissioner of Appeals.
It was the evident intention of the officers representing the State to include in the locations all the land between the Hanks and Ashmore on the east and the Rutledge on the west; and we are of, the opinion that the surveys should be so established. It is true, a marked line and clearly identified corners prevail over an open and indefinite line (Oliver v. Mahoney, 61 Texas, 612; Fordtran v. Ellis, 58 Id., 245), and especially is this the case where the line waactually run and corners were made, and the footsteps of the surveyor can be followed. (61 Texas, 612.)
In the case of sections eighteen and nineteen no actual survey was made, the surveyors, assuming that the lines, corners and distances of old surveys were correct, adopted them with the intention to include all the vacant land between the boundaries of surrounding surveys; they plotted the vacant lands into surveys without going upon the ground, calling for older surveys and placing the Rutledge further west than they thought it was at the time. It does not appear that more land was embraced in the field notes than they intended, or that the configuration of the land was changed—one of the south lines of section nineteen being longer and one shorter than they thought it was; under such circumstances the abutting survey called for would be the correct boundary. (Boon v. Hunter, 62 Texas, 582; Id., 660.)
The Plummer was surveyed in a vacancy surrounded by adjacent surveys; calling for them as well as the Rutledge it should extend to such abutting surveys when there is no material^ excess shown. The defendant can not complain, his own line being the open line, to have it fixed, and by such means to identify the junior survey.
We find no error in the judgment and report it for affirmance.

Affirmed.