### JULIAN LONGORIA v. ROWENA SHAEFFER.

#### No. 6524.

**Boundary Lines.**—Discussion of testimony showing locality of a survey from the surrounding surveys. See testimony.

APPEAL from Live Oak. Tried below before Hon. D. P. Marr.

This suit involved the locality of the northwest line of the F. Breeding survey. The appellant, who was plaintiff below, claims under the Maria Rita Solis survey, made under a certificate to the Galveston, Houston & Henderson Railway Company. This survey was made many years after the Breeding.

The opinion collates the facts, and will be understood by reference to the map here given. [See next page.]

*T. A. Blair,* for appellant. —1. The court erred in holding that the corners and lines of the Fidelio Breeding survey could be established by the course and distances, commencing at a known corner of one of several remote surveys, only one of said remote surveys having a marked line. Booth v. Upshur, 26 Texas, 67–74; Duff v. Moore, 68 Texas, 271; Staf-

ford v. King, 30 Texas, 269; Jones v. Andrews, 62 Texas, 665; Hubert v. Bartlett, 9 Texas, 102; Robertson v. Mosson, 26 Texas, 251.

2.   The court erred in giving judgment for defendant in this, that none of the corners or lines of the Fidelio Breeding could be found; that the southeast boundary line of the Solis survey, with its south and east corners, were found and identified, and that said southeast boundary line crossed two branches at the distance and on the courses called for in the northwest line of the Breeding.   Duff v. Moore, 68 Texas, 271; Booth v. Upshur, 26 Texas, 67–74; Jones v. Anderson, 62 Texas, 660; Duren v. Presberry, 25 Texas, 517; Bolton v. Lann, 16 Texas, 110; Anderson v. Stamps, 19 Texas, 465; Johns v. Schutz, 47 Texas, 582; Oliver v. Mahoney, 61 Texas, 612.

No brief on file for appellee.

COLLARD, JUDGE.—The issue between the parties in this case is the true boundary of the F. Breeding survey, or its northwest line.   The suit was brought by the appellant, who owns the Rita Solis 640 acres, surveyed in 1874.   The defendant owns the F. Breeding 640 acres, surveyed February 17, 1847, who claims that the northwest line of the Breeding is 187 varas inside of the southeast line of the Solis.   Defendant has a fence where she claims the line to be.

There are corners on the Solis which fix it on the ground as claimed by plaintiff.   There are no corners or identified marked lines on the Breeding, which requires it to be located by other surrounding surveys.   There was a block of surveys made at the same time the Breeding was made, calling for each other in the order in which they were made, the Ben Allen, the James Randal, the Calvin Hamilton, the W. A. Moore, the G. W. Ridgeway, the J. M. C. Nixon, the Samuel W. Barton, the Elijah Bennett, and the Breeding.

The following surveys were made about May 8, 1848:  The G. Sharp, the W. S. McCampbell, and the J. H. Dennis small survey.  These surveys appear on the maps introduced in evidence.  The Breeding begins at the north corner of the Nixon for its east corner, and then runs north 45 degrees west with the Sharp southwest boundary, at 1589 varas passes his west corner, and at 1772 to the Breeding north corner, thus by its calls extending 183 varas northwest of the Sharp west corner.  The Sharp calls to run from its west corner north 45 east 2460 varas to the west corner of the J. H. Dennis, and thence with the Dennis south 45 east, and passes its south corner at 832 varas.  The northwest line of the Dennis runs from its north corner south 45 west 2323 varas to its west corner, where a post is set, from which two mesquites are called for as bearings, one marked V and the other marked H.   This is also the north corner of the Sharp, as before seen.

The McCampbell survey begins at the north corner of the Dennis, and at its fourth corner in the northwest line of the Dennis it calls for a post, witnessed by two mesquites, one marked M and the other W. Old marks on mesquite trees are found here, one with a mark like N or part of a W, and this one is proper course and distance, and another marked but not the proper course or distance; the marks are old, the trees having been cut into to find the marks. At the north corner of the Sharp, the same being the west corner of Dennis, is found a post as called for, and one mesquite the proper course and distance marked F. The mark is very old in the bark, and resembles an H as called for.

There is no dispute that if the northwest line of the Sharp is run according to these bearings to its intersection with its southwest line and its west corner so established, and the northeast line of the Breeding is extended northwest 183 varas from such corner for its north corner, the northwest line of the same will lie even beyond the fence of Mrs. Shaeffer and include more of the Solis survey than she claims. It was also proved by defendant that the west corner of the Ben Allen survey was well identified by the bearing marked "J." This is the south corner of the Randal, the north corner of the Hamilton, and the east corner of the Moore, by which they are all established, conforming them with the calls of other surveys on the west. The Ridgeway calls for the Hamilton and the Moore, and is further identified by two bearing trees at its west corner with the surveyor's original marks upon them, one marked A and the other M, one being at the proper course and distance called for in the field notes, the other at the right distance but not the course. The Nixon conforms to this corner, calling for it at 1228 varas south 45 west from its first corner. It was proved that the south corner of the Nixon and the northwest line of the Barton are well marked by trees with three hacks, the surveyor's original marks, very old. The Sharp calls for its south corner at the east corner of the Nixon.

Establishing the Nixon then by the marked corners and lines mentioned, and beginning at its north corner and running course and distance as called for on the Breeding northeast line to its north corner, the northwest line of the Breeding is located, along which Mrs. Shaeffer's fence is found and the line established where she claims it is. So approaching the Breeding from two directions and from two blocks of surveys and locating it by established corners of other surveys around, some of which surveys are called for in its field notes, we find that its northwest boundary will be at least as far inside the Solis survey as defendant claims it to be and where the court found it was. To summarize the main points locating this line, we see that the Breeding calls to run with Sharp's southwest line and 183 varas to the northwest of his west corner; the Sharp north corner is fixed by the Dennis west corner, its southeast lines are fixed by the Moore and the Ridgeway, its south corner by the Ridgeway west cor-

ner by course and distance and by the Nixon southeast line; the south-west line prolonged northwest its called distance and the Breeding line extending same course 183 varas includes the land claimed; and if the Sharp southwest line is extended to the point of intersection with its northwest line, and the Breeding north corner is so located, the latter will include more of the Solis in the Breeding than is claimed by defendant. We think the evidence clearly locates the Breeding by these surrounding surveys, as may legitimately be done, notwithstanding its own corners and lines may not be found. To begin at its north corner as fixed by the intersection of the northwest and southwest lines of the Sharp may make an excess in the survey if it is extended to the Nixon north corner; but that will be immaterial, inasmuch as the line must run to its established corners; and in addition to this, if the excess is even taken off the northwest part of it in the Solis, it extends far enough in that direction to include the land in dispute. At least this was in proof.

We see no reason for reversing the judgment; it ought to be affirmed.

*Affirmed.*

Adopted June 3, 1890.