## L. C. PEASE v. JOHN H. STONE.

### No. 6530.

1. **Heirship—Laws of Descent in 1847.**—A child died in 1847 leaving neither parent surviving, but leaving a grandmother and uncles and aunts; the descent was cast by the law one-half upon the grandmother and one-half upon the uncles and aunts and their descendants.

2. **Statutes Construed.**—Hartley's Digest, articles 577 and 591, discussed and construed.

3. **Failure of Consideration.**—A vendor with warranty sold a tract of land for one-half on credit. One-half of the land was recovered of subsequent vendees before maturity of the note. *Held*, that the failure of title to one-half the land operated to defeat the recovery of the note for a like part of the purchase money.

APPEAL from Travis. Tried below before Hon. A. S. Walker.

The opinion contains a statement.

*R. H. Ward*, for appellant. — 1. The minor child of A. M. Nelson, deceased, died in 1847, seised and possessed of the land in controversy. Said minor child left surviving her grandmother Elizabeth Nelson, the mother of her father, and also left surviving her uncles and aunts and their descendants, but no other kindred. Under the law in force at the time of the death of said minor child of A. M. Nelson the grandmother inherited the whole of the land in controversy to the exclusion of collaterals, the uncles and aunts of said minor child and their descendants. R. M. Johnson owned the whole of said land by conveyances from the grand-

mother Elizabeth Nelson when he sold the land to defendant, and the court erred in holding that Johnson only took a half interest in the land by virtue of the deed from said Elizabeth Nelson. Act Jan. 28, 1848; Hart. Dig., arts. 575–590; Act March 17, 1842; Hart. Dig., art. 591; Prendergast v. Anthony, 11 Texas, 165; Babb v. Carroll, 21 Texas, 771; Goodrich v. O'Conner, 52 Texas, 378; Hall's Mexican Land Law, secs. 3500–3524; 1 Land Law of California, Oregon, and Texas, 114, 115; Hooten v. Tippett, 12 M. La., 390; Owens v. Mitchell, 5 M. La. (N. S.), 668; 6 M. La. (N. S.), 96.

2. The title of appellee to the land in controversy being executory, his vendee, the "Wichita Land and Cattle Company," was neither a necessary nor proper party. Foster v. Powers, 64 Texas, 249; Ramson v. Brown, 63 Texas, 189; Ufford v. Wells, 52 Texas, 619.

3. Neither R. M. Johnson, E. M. Pease, nor plaintiffs were made parties in suit No. 34 against the Wichita Land and Cattle Company, tried in District Court of Archer County, and therefore the judgment rendered in said cause was not binding on appellants. McKelvain v. Allen, 58 Texas, 387; Read v. Allen, 58 Texas, 380; Read v. Allen, 56 Texas, 177.

*S. B. McBride* and *Hancock, Shelly & Hancock,* for appellee.—Mrs. Elizabeth Nelson, the mother of A. M. Nelson, deceased, and grandmother of the deceased child Elizabeth, inherited one-half of the land, and the brothers and sisters of A. M. Nelson and their descendants inherited the other one-half when the child died in 1847. R. M. Johnson owned but one-half the land by conveyance from A. M. Nelson's mother when he sold to defendant, hence the consideration for the note had failed and the judgment is correct. Hart. Dig., art 577; Act Jan. 28, 1840, sec. 6, p. 217; Hart. Dig., art. 591; Act March 17, 1842, p. 219; McKinney v. Abbott, 49 Texas, 371–377.

ACKER, PRESIDING JUDGE.—A. M. Nelson was a soldier of the Republic of Texas, and fell at the Alamo in 1836. He left surviving him a wife, Lavina, a daughter by that wife named Elizabeth, a mother also named Elizabeth, and several brothers and sisters. The widow Lavina and her child Elizabeth both died in 1847, the child surviving the mother. The mother of A. M. Nelson died in 1867. On the 16th day of July, 1861, Elizabeth Nelson, mother of A. M. Nelson, transferred and conveyed as sole heir to B. P. and J. B. Hollingsworth all her right, title, and claim to the one-third of a league headright "granted to me as heir of my son A. M. Nelson." On the 3d day of September, 1866, J. B. Hollingsworth transferred and conveyed his right, title, and claim to the "headright certificate No. 269 for one-third league issued to the heirs of A. M. Nelson" to Hugh F. Young, and B. P. Hollingsworth conveyed his interest in the certificate to R. M. Johnson on the 20th day of May, 1862. On

the 29th day of November, 1871, Hugh F. Young conveyed his interest in the certificate to R. M. Johnson. The land was patented in 1875 to the heirs of A. M. Nelson. On the 22d day of April, 1882, Johnson sold the land to John H. Stone for $1550, half cash and a note for the balance due at twelve months from date, and executed and delivered to Stone a bond for title. On the 19th day of June, 1882, Johnson transferred the note to E. M. Pease, and at the same time conveyed the land to Pease, subject to his bond for title. Stone conveyed the land to the Wichita Land and Cattle Company by warranty deed. On the 4th day of March, 1886, the brothers and sisters of A. M. Nelson, as heirs of said Nelson, recovered judgment against the Wichita Land and Cattle Company for one-half of the land.

This suit was brought by appellants, the heirs of E. M. Pease, on the 31st day of March, 1886, on the note given by Stone to Johnson and transferred to Pease, and to enforce the vendor's lien against the land.

The defendant pleaded failure of consideration for the note by reason of the recovery by the brothers and sisters of A. M. Nelson of one-half of the land.

The trial without a jury resulted in judgment for defendant on the plea of failure of consideration for the note, and quieting defendant's title to the land, and plaintiffs appealed.

Both parties state that there is but one issue in this case, and "that issue is as to whether under the law in force in 1847 the grandmother of a decedent, there being no other direct ascendants or descendants, inherited the whole property to the exclusion of the collaterals, the uncles and aunts and their descendants, of the deceased; or whether the property should be divided into two moieties, one going to the grandmother and the other to such collateral relatives.

Appellant contends that under the law in force in 1847 the grandmother of a deceased intestate inherited the entire estate, to the exclusion of uncles and aunts of such decedent. The law of 1840 regulating the descent of the estates of intestates contained the following provisions:

"4. If there be no children nor their descendants, then to his or her father and mother in equal proportions; but if only the father or mother survive the intestate, then his or her estate shall be divided in two equal portions, one of which shall pass to such survivor and the other shall pass to the brothers and sisters of the deceased and to their descendants or to such of them as there be; but if there be none such, then the whole estate shall be inherited by the surviving father or mother.

"5. If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate and to their descendants or to such of them as there be.

"6. If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal

and the other to the maternal kindred, in the following course, that is to say, to the grandfather and grandmother in equal portions; but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to the survivor and the other shall go to the descendant or descendants of such deceased grandfather or grandmother; if there be no such descendant or descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother; if there be no grandfather or grandmother, then the whole of such estate shall go to their descendants or to such of them as there be; and so on without end in like manner to the nearest lineal ancestor and to their descendants or to such of them as there be." Hart. Dig., art. 577.

Section 7 of this act provided that when any person died intestate as to any property "derived by gift, devise, or descent from the father" such estate should "descend and pass to the paternal kindred without regard to the mother or other maternal kindred of such intestate;" and section 8 provided that where any person died intestate as to any property "derived by gift, devise, or descent from the mother" such estate should "descend and pass to the maternal kindred without regard to the father or other paternal kindred."

The Act of 1842, referring to the Act of 1840 from which the foregoing quotations are made, provided "That the seventh and eighth sections of the above entitled act shall be controlled and governed by the provisions of the fourth section of said act; and further, that should there be either father or mother of the intestate surviving, instead of the estate of the intestate taking the direction indicated in said seventh and eighth sections the whole shall be inherited and descend upon such surviving parent, or both in equal moieties should both survive; and such surviving parent or parents shall not be excluded, no matter in what manner the estate may have been acquired by the intestate." Hart. Dig., art. 591.

The effect of the Act of 1842 was to give to the surviving parent of an intestate leaving no issue nor descendants of such issue the entire estate, without regard to whether such estate had been derived by gift, devise, or descent from one parent or the other, and the control thereby given to section 4 of the law of 1840 over sections 7 and 8 of that law was only as to the matters included in section 4. In other words, section 4 was made to control and govern sections 7 and 8 only in the event that the intestate left surviving one or both parents. But where, as in this case, the intestate left no surviving parent the estate would descend as directed and provided in sections 7 and 8. The estate having been derived by descent from the father, under section 7 it descended and passed to the paternal kindred; to the paternal grandparents in equal parts if both survived; if only one survived, then one-half to such survivor and the other half to the descendants of the deceased paternal grandparent, the uncles and aunts of the intestate, as provided in section 6 of the Act of 1840.

The intestate having left neither parent surviving, section 4 does not apply, and section 7 has the same application and effect in this case as it would have had if the law of 1842 had never been enacted.

The judgment of the court below being in accord with the views here expressed, we are of opinion that it should be affirmed.

*Affirmed.*

Adopted June 3, 1890.