WILLIAM SULLIVAN ET AL. V. M. C. MICHAEL ET AL.

Decided May 27, 1905.

**1.—Boundaries—Acquiescence in Line.**

Where a fenced line had been recognized as the dividing line of city lots for more than twenty years, and all the parties at interest purchased with reference thereto, it must be taken as the true line.

**2.—Appeal—Judgment as to Parties not Appealing.**

The Appellate Court can not affirm or reverse a judgment in trespass to try title rendered in favor of one of the appellees against another appellee where neither of those party appeal as against each other.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*James R. Masterson,* for appellants.—Old established lines fixed by adjoining owners, and acquiesced in for a very long time, should not be lightly disturbed. Harrell v. Houston, 66 Texas, 280; Coleman v. Smith, 55 Texas, 260; Browning v. Atkinson, 46 Texas, 608; Mayfield v. Wheeler, 37 Texas, 255; Hoxey v. Clay, 20 Texas, 587; George v. Thomas, 16 Texas, 88; Bolton v. Lann, 16 Texas, 113.

*Mark G. Fakes,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellees M. C. Michael, Jacob Sonnenthiel and Benjamin Kiam, in the form of an action of trespass to try title against S. P. Shenberger, G. W. Tharp, J Blumenthal and William Sullivan and wife, Annie Sullivan, to recover lot number 12 in block number 25 in the city of Houston. The petition describes the land sued for as follows: "Beginning at the southeast corner of lot 6 in said block, thence eastwardly along Congress Avenue fifty feet, more or less, for the south boundary line of said lot 12, to an old corner; thence north one hundred feet along an old and well-defined line to the northeast corner of said lot 12; thence west fifty feet, more or less, along an old fence, to the intersection of said lot 12 and lot 7; thence south one hundred feet to the place of beginning."

The defendants, Shenberger, Tharp and Blumenthal, answered by general demurrer and general denial and plea of not guilty and by pleas of limitation and agreed boundary line. Shenberger also filed cross bill making W. A. Burkett a party defendant. The pleadings in the case were lost after the trial in the court below and were substituted by agreement as to their contents. From the meagre statement in this agreement as to the contents of this cross bill, we infer that it alleged in substance that the question raised by plaintiff's suit was one of boundary, or rather as to the true location of the east line of said lot number 12; that the defendant, Shenberger, owned the west half of lots numbers 1 and 2 in said block number 25 adjoining said lot number 12 on the east, and that Burkett owned the east one-half of said lots

numbers 1 and 2; that said defendant was in possession of only the quantity of land to which he was entitled under his deed, and that in event the east boundary line of lot number 12 was found to be located as claimed by plaintiffs that Burkett was in possession of a strip of land belonging to this defendant 3½ feet wide and extending along his eastern boundary line, and he prayed that he recover said land from Burkett.

The answer of defendant Burkett contains general demurrer, plea of not guilty and special pleas setting up long acquiescence in the boundary line claimed by him. He also pleads limitation. Sullivan and wife answered by general demurrer, plea of not guilty and special pleas setting up limitation of ten years and long recognition of and acquiescence in the boundary as claimed by them.

Upon the trial the court below instructed the jury to find a verdict in favor of plaintiffs and against the defendants, Sullivan and wife, for a strip of land 2½ feet wide; in favor of Shenberger against plaintiffs, and in favor of Burkett against Shenberger. A verdict was returned as directed by these instructions and judgment rendered in accordance therewith. From this judgment Sullivan and wife have appealed.

The record shows that appellant Sullivan and wife acquired title to lots Nos. 6, 7 and 12 in block 25 in the city of Houston in 1882. According to the original map of said city lots 6 and 7 front west on Austin Street. They are each fifty feet in width and extend back between parallel lines a distance of one hundred feet. Lot 12 adjoins lots 6 and 7 on the east. This lot fronts south on Congress Street and is also fifty feet wide and extends back between parallel lines one hundred feet. Adjoining lot 12 on the east are lots 1 and 2. These lots are each fifty feet wide and front east on La Branch Street and extend back between parallel lines one hundred feet. The following sketch will show the location of the lots with reference to each other and the streets by which they are bounded.

When Sullivan purchased in 1882, lots 6, 7 and 12 were fenced. He testifies that the fence along the east side of lot 12 was several feet east of the east line of that lot as now fixed by course and distance from the southwest corner of block 25. All of the witnesses testify that there was an old fence along the east side of lot 12 and that that fence has been recognized as the line for many years. Spencer Hutchins, who owned lots 1 and 2 at the time Sullivan purchased, and

had owned them for many years prior thereto, testified that the fence mentioned, which separated said lots from lot 12, has been recognized as the line for 50 years. In 1889 Sullivan conveyed to the Houston Homestead and Loan Association a lot described as 50 x 100 feet off of lot 12. This association conveyed to the plaintiff by deed containing the same description. Hutchins conveyed to Shenberger the west half of lots 1 and 2. All the evidence shows that in these sales the parties recognized the fence between lots 1 and 2 and lot 12 as the dividing line between them, and the land was sold and purchased with the understanding that said fence was the east line of lot 12 and the west line of lots 1 and 2.

Kiam, one of the plaintiffs, testified: "I bought this lot 12 in question in the spring of 1891. I don't remember the name of the seller. It was bought jointly with M. C. Michael. The said lot did have established boundaries when purchased, and the east side of the property was enclosed with a fence which I saw at the time I purchased the property; also an old brick pavement running in front. The lots one and two were owned by the Hutchins estate at the time we purchased this lot. The boundary was marked by a fence and by a brick pavement in front. So were the intersecting corners. I knew the location and the boundary of this lot fully ten years before I purchased it. For the same period I knew the east line between lot 12 and lots 1 and 2. Immediately after our purchase of lot 12, we took possession of the lot and turned it over to William Sullivan to take charge of and hold for us. He used it for a chicken yard. We had no trouble up to January 1, 1903, in regard to the east boundary line of lot 12. Nobody ever disputed up to that time the boundary which was then established by fence and sidewalk. In fact I knew nothing of the disturbance of the conditions up to May, 1903, when I was informed by Mr. Sullivan that my neighbors had removed the fence and encroached upon our lot 12. When Mr. Sullivan informed me that Mr. Shenberger had removed the division fence and had taken part of our land, I called on Shenberger and requested him to tell me why he had taken possession. He answered that the land belonged to him and that he would not remove his improvements from our land. Mr. Shenberger simply took the law in his own hands and moved our division fence, and took possession of our property without our knowledge or consent and without permission or notification of any sort."

There is also evidence which tends to sustain the conclusion that this fence was on the true east line of lot 12 as fixed by course and distance from the southwest corner of the block, and that defendant Shenberger is not in possession of any land west of this old fence line.

Such being the state of the evidence as disclosed by the record, it was error for the trial court to instruct the jury to return a verdict in favor of plaintiffs against appellant for a strip of 2½ feet along the west line of lot 12, and the assignment complaining of this charge must be sustained. All parties having purchased with reference to this old fence line and it having been recognized as the dividing line for more than 20 years, it must be taken as the true line. Appellants having sold a strip of land 50 x 100 feet, the 50 to be measured west from said fence line, if they are not in possession of any land east of a line 50 feet west

of the old fence, they have none of plaintiff's land. Appellant Sullivan and plaintiff Kiam both testify that Shenberger has moved his line several feet west of the old fence and the shortage in plaintiff's land is due to this encroachment, and not to any encroachment on the part of appellants. This issue thus raised should have gone to the jury, and the error of the trial court in giving the peremptory instruction requires a reversal of the judgment.

As to appellants this reversal is against all of the appellees and carries the cost against them all. There having been no appeal by plaintiffs against Shenberger, nor by the latter against Burkett, the judgment as between said appellees is not before this court for review and we can neither affirm nor reverse it as between them.

For the reasons above stated, the judgment against appellants is reversed and the cause remanded.

*Reversed and remanded.*