BYRD v. LANGBEIN et al.

(Court of Civil Appeals of Texas. Feb. 8, 1911.)

1. BOUNDARIES (§ 54*) — SURVEYS — CONCLUSIVENESS.

In the absence of proof to the contrary, it will be presumed that a survey was actually made on the ground by the surveyor as stated in the field notes, and, when the footsteps of the original surveyor can be found and identified, they should be followed.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 268–277; Dec. Dig. § 54.*]

2. BOUNDARIES (§ 3*)—SURVEYS — CORNERS AND LINES.

In an older survey, where there is a call for an unmarked corner or line where the same can be easily found, it will have the dignity of a call for an artificial object, and will control a call for distance.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 14–19; Dec. Dig. § 3.*]

3. BOUNDARIES (§ 8*)—SURVEYS—METHOD OF ESTABLISHING.

In an action to establish a survey, the east line was in dispute. The evidence showed that

the survey began at the southeast corner of an elder survey. The northwest corner and the southwest corner of the disputed survey were defined on the ground by the original bearing trees. *Held*, that the proper manner of establishing the eastern line of such survey was by running a line east from the northwest corner of the survey in dispute to the southeast corner of the elder survey, as established, by intersecting the south and east line of said survey from the known corners thereof, though it gives the survey in dispute an excess over the field notes, and then by running the line west from such southeast corner of the elder survey to the known northwest corner of the survey in dispute, and then south to its known southwest corner, then east the number of varas called for, thence north to the place of beginning, so that the survey will be run in accordance with its calls except that the calls for distances will be disregarded, which calls will be controlled by the calls for the bearing trees at the northwest and southwest corners of the survey.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 66–76; Dec. Dig. § 8.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by August Langbein against M. S. Byrd and others. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and rendered in part.

C. L. McCartney, for appellants.

RICE, J. Appellee Langbein and appellant owned adjoining tracts of land out of the Padillo survey, that of appellant as marked on the map "E. E. Simpson" and that of appellee as marked "Forsyth Heirs." Appellee brought this suit in trespass to try title against appellant and the other defendants, to wit, James H. Byrd, John Byrd, Sam R. Windham, and Marion M. Cox, who are appellees herein, but the sole issue involved in the controversy is the true location of the east boundary line of the Padillo survey. Appellee Langbein's tract, who was plaintiff below, called to commence at the northeast corner of the Padillo survey, running thence west, south, east, and north a certain number of varas to the place of beginning; and appellant's tract called to begin at appellee's northwest corner, running thence west, south, east, and north, giving the distances, to the place of beginning. No bearing trees were called for in the field notes of these surveys; so that, if the northeast corner of the Padillo tract is found, then it is easy to construct their respective surveys by the calls in their field notes. Hence the point in issue is where is the northeast corner of the Padillo, and what rule should be followed in determining its location. Appellee claims that the same is fixed by commencing at its southwest corner, thence running east, south, west, and north the distance called for in its field notes; whereas, appellant says that the same should be fixed by commencing at the southeast corner of the N. B. Mitchell survey, and

running thence west 3979 varas to its northwest corner; thence south 3671 varas to its southwest corner, thence east and north the distance called for in its field notes to the place of beginning, so that the question involved is purely one of boundary. The case was tried by the court without a jury. The court filed its findings of fact, which are not objected to; but concluded as matter of law from the facts found that the east line of the Padillo survey should be established by beginning at its northwest corner as found by the court, and running thence east, south, west, and north the distance called for in the original field notes. The appellant excepted to this conclusion of law from the facts found, and urges, as hereinbefore stated, that the true east line of the Padillo survey is found by beginning at its original northeast corner as described in its field notes, to wit, the southeast corner of the Mitchell, and running thence south to a point east of its southwest corner as it exists on the ground and was found by the court. The judgment of the court, so far as it relates to appellee Cox, is conceded to be correct. The court made the following findings of fact:

"(1) I find that the N. B. Mitchell survey No. 136 was made by L. H. Upshur, surveyor, on the 12th day of November, 1852, the field notes of said survey being as follows: Beginning at a stake on the south bank of Pecan bayou, the head of an island, giving two bearing trees; thence W., 682 varas, to a stake, calling for two bearing trees; thence S. calling to cross three creeks, giving the distance to the same, 4,968 vrs., to a stake calling for two bearing trees; thence E., 1,869 vrs., to a stake; thence N., 500 vrs., to a stake on the south bank of Pecan bayou, from which an elm 5 in. dia. brs. N. 65½° W. 1½ vrs.; a P. O. 18 in. dia. brs. N. 83° E. 7½ vrs.; thence up said bayou with its meanders, giving the same by course and distance, and calling for crossing three creeks, giving course and distance of same, to the beginning. I find that the lower bayou corner of said survey is well defined and established on the ground by the bearing trees as called for in said field notes; also, that the upper bayou corner of said survey and the southwest corner of said survey are found on the ground by the bearing trees called for in the original field notes, and there is not and never has been, so far as the facts in this case appear any controversy as to the location of said corners of said survey. I find that the southeast corner of said survey is an open corner, no bearing trees being called for in the field notes of said survey, and nothing found on the ground indicating a corner established for said survey by the original surveyor. I find that to establish the S. E. corner of said Mitchell survey by

extending the line east from its southwest corner, and south from its lower or bayou or S. E. corner to the point of intersection of said lines, makes the south line of said Mitchell survey 88 vrs. shorter than is called for in said field notes, and makes the east line of said survey—that is the line from the point of said intersection to said lower bayou corner—122 varas shorter than is called for in said original field notes.

"(2) I find that the Jose Padillo survey was made by L. H. Luckett on the 6th day of July, 1857, and that the field notes thereof call as follows: Beginning at the S. E. corner of the N. B. Mitchell survey (survey No. 136) a stake for corner; thence W., with the S. line of said survey No. 136, 3,605 vrs., to a stake from which calling for two bearing trees; thence S. crossing Elm creek, 3,605 varas, to a stake, calling for two bearing trees; thence E., 3,605 vrs., to a stake for corner; thence north crossing Elm creek, 3,605 vrs., to the place of beginning. I find

that the N. W. and S. W. corners of said Jose Padillo survey are defined upon the ground by the original bearing trees called for in the field notes of said survey. I find that to begin at the N. W. corner of the Jose Padillo survey, as found on the ground, and to reverse the calls and to run E. 3,605 vrs. will not reach the S. E. corner of the Mitchell survey as established by intersection of the south and east line as hereinbefore indicated by 374 vrs. In other words, I find that if you begin at the N. W. corner of the Padillo survey as found upon the ground, and run east to the S. E. corner of the Mitchell survey, as established by intersecting the S. and E. line of said survey from the known corners thereof, the Jose Padillo survey will have an excess of 374 varas.

"(3) I find that the west line of the Padillo survey as run from its established corners has an excess of 66 varas.

"(4) The above findings are more fully illustrated by the following sketch:"

The black-faced names and figures and the heavy lines show the old subdivision.
The light-faced names, lines, and figures show the new subdivision.
The dotted lines show the conflict with other surveys.
o show old corners found on the ground.

The other findings of fact are omitted because they have reference alone to subsequent surveys or subdivision lines of the Padillo survey, which are not regarded by us as material to the issue here involved.

It will be seen from the above findings that the surveyor who made the Mitchell established its upper bayou corner, as well as its southwest corner and its lower bayou corner, since the bearing trees mentioned in the field notes are still found upon the ground; that he likewise · established on the ground the northwest and southwest corners of the Padillo survey, the bearing trees of which are also found upon the ground. The court did not find that the Padillo survey was not surveyed on the ground as called for in its field notes. We think, in the absence of such proof, that it must be presumed that the survey was actually made on the ground by the surveyor, as stated in the ·field notes; and, when the footsteps of the original surveyor can be found and identified, they should be followed. Stafford v. King, 30 Tex. 269–273, 94 Am. Dec. 304; Phillips v. Ayres, 45 Tex. 601; Bolton v. Lann, 16 Tex. 112; Fulton v. Frandolig, 63 Tex. 330. It is true that the beginning call of the Padillo is for an unmarked corner of an older survey, but the call for an unmarked corner or line of an older survey, where the same can be easily found, will have the dignity of a call for an artificial object and will control a call for distance. See Maddox v. Fenner, 79 Tex. 291, 15 S. W. 237; Davis v. Baylor (Sup.) 19 S. W. 525; Langermann v. Nichols, 32 S. W. 126; Fordtran v. Ellis, 58 Tex. 251; King v. Mitchell, 1 Tex. Civ. App. 701, 21 S. W. 52. In the present case, if a line be projected, running east from the northwest corner of the Padillo survey, as found on the ground, until the same intersects another line running from the lower or bayou corner of the Mitchell, as found upon the ground, the same will mark or fix the southeast corner of the Mitchell, which is the beginning corner of the Padillo. It is permissible under the authorities to establish the southeast corner of the Mitchell in this way. See Woods v. Robinson, 58 Tex. 661; George v. Thomas, 16 Tex. 88, 67 Am. Dec. 612; Randall v. Gill, 77 Tex. 354, 14 S. W. 134; Longoria v. Schaeffer, 77 Tex. 551, 14 S. W. 160. And constructing the Padillo by beginning at the southeast corner of the Mitchell as thus found, and running thus west to its known northwest corner, as fixed by bearing trees, and thence south to its known southwest corner, as shown by the bearing trees as called for in the field notes, thence east, 3,929 varas, to its southeast corner, thence, north, 3,671 varas, to the place of beginning, it will be seen that the survey will be run in accordance with its calls, except that the calls for distance must be disregarded, which is permissible (Stafford v.

King, supra), since such calls will be controlled by the calls for the bearing trees at the northwest and southwest corners of this survey and, if this method of constructing the Padillo survey is adopted then appellant's contention must prevail.

We believe that this survey should be so constructed. It therefore follows that we think the court below erred in its conclusions of law, for which reason its judgment should be reversed and rendered in favor of appellant; but, since the judgment is conceded to be correct so far as it relates to M. M. Cox, the same will as to him be affirmed, and it is accordingly so ordered.

Affirmed in part, and reversed and rendered in part.

JENKINS, J., having been of counsel, did not sit in this case.