**ANDERSON et al. v. ATLANTIC OIL PRODUCING CO. et al.**

No. 4707.

Court of Civil Appeals of Texas. Texarkana.

May 1, 1935.

Rehearing Denied May 9, 1935.

A. V. Grant, of Longview, for appellants.

McCormick, Bromberg, Leftwich & Carrington, J. W. Timmins, T. L. Foster, M. S. Church, Prentice Wilson, T. R. Freeman, and Read, Lowrance & Bates, all of Dallas, Bramlette & Meredith, of Longview, R. F. Burns and Palmer Bradley, both of Houston, C. E. Florence, of Gilmer, and Andrews, Kelley, Kurth & Campbell, of Houston, for appellees.

SELLERS, Justice.

This suit was brought by Walter Anderson and others in trespass to try title against Atlantic Oil Producing Company and others. The plaintiffs also claimed title to the land involved by limitation of ten years. The defendants answered by general demurrer, general denial, and pleas of not guilty. The case was tried to a jury, and at the close of the evidence the court instructed the jury to return a verdict in favor of defendants, and entered judgment accordingly that plaintiffs take nothing by their suit. From this judgment the plaintiffs have duly prosecuted this appeal.

The undisputed evidence establishes the following facts: George Anderson, the father of Walter Anderson, in 1899 purchased an 80-acre tract of land from N. J. Harris. In this conveyance the land was described as follows:

"Lying and being situated in Gregg County, Texas, about nine miles West of Longview, on the North bank of the Sabine River;

"Beginning at the most Western northwest corner of the P. McAnally Headright Survey;

"Thence E at 987 varas another corner of same at 1492 varas a stake on E line of same a Dogwood bears S 3 varas;

"Thence S with said line at 308 varas another corner of said survey;

"Thence West at 1492 varas, a stake on W line of said survey, a post oak bears south 8.6 varas;

"Thence N at 308 varas to beginning; being a part of said P. McAnally Headright Survey."

George Anderson went into immediate possession of this tract of land, and the same year he bought it he built a fence along the south line of said tract. In building his fence along the south line, he followed an old hacked line. When he built the fence he had the old original marks to go by. This fence has been recognized by George Anderson as his south boundary line ever since he built the fence. The adjoining landowner on the south of this tract, since this fence was built, recognized and acquiesced in the fence as being on the boundary line between the two tracts of land. In 1916, George Anderson conveyed to Walter Anderson by warranty deed 50 acres off the south side of the above 80-acre tract, and the land in this deed is described as follows:

"Being a part of the Pleasant McAnally Headright Survey and being the south portion of a tract of land conveyed to George Anderson by N. J. Harris by deed dated October 7, 1899, recorded in volume T, on page 313 and 314. Deed Records of Gregg County, Texas;

"Beginning at the southwest corner of the John Ruddle Headright Survey, same being the Southeast corner of the 50-acre tract herein described;

"Thence West 1492 varas with the South line of George Anderson's tract to a stake on West line of the McAnally Survey, same being George Anderson's Southwest corner;

"Thence North 188.9 varas with the West line of the McAnally H. R. Survey to a stake for corner, same being 119.1 varas South from the most Western Northwest corner of said McAnally Survey;

"Thence East 1492 varas to the East boundary line of said McAnally survey, same being the West boundary line of said John Ruddle Survey, a stake for corner;

"Thence South 188.9 varas with said Ruddle Survey, to place of beginning, containing 50 acres of land."

When George Anderson conveyed the 50 acres to Walter Anderson they both understood that the fence was on the south boundary line of the George Anderson 80-acre tract. In 1928, Walter Anderson conveyed to R. C. Barnwell the 50-acre tract of land using the same description as that contained in the deed from George Anderson to Walter Anderson.

The appellees in this suit all claim title under R. C. Barnwell. The land here involved is approximately five acres lying along the north side of the fence erected by George Anderson and south of a due west line from the southeast corner of the George Anderson 80-acre tract of land.

It is the contention of appellants that the call in the deed of appellant Walter Anderson to R. C. Barnwell, "Thence West 1492 varas with the South line of George Anderson's tract to a stake in the West line of the McAnally Survey, same being George Anderson's Southwest corner," had reference to a due west line from the southeast corner of the George Anderson tract as called for in the deed to George Anderson rather than the fence line, which, according to appellants' contention, runs a little southwest from the southeast corner of the George Anderson tract.

█ Our conclusion is that it is immaterial where the call in the deed from Harris to George Anderson would place the south boundary of that tract of land, in so far as this suit is concerned, for the reason that the line actually established on the ground will control the call for course and distance contained in that deed. It must be held that the call in the deed from George Anderson to Walter Anderson and likewise the deed from Walter Anderson to R. C. Barnwell, "Thence West 1492 varas with the South line of George Anderson's tract," had reference to and meant the true south boundary line of that tract as established on the ground.

█ The main question for determination is whether the court was authorized from the undisputed facts in this case to hold, as a matter of law, that the fence was on the true south boundary line of the George Anderson 80-acre tract. We think this question must be answered in the affirmative. It is well settled that a line may be established as a true boundary line of a tract of land by recognition and acquiescence in said line as the true line by all interested parties for a sufficient length of time. The length of time for which such recognition and acquiescence must continue in order to conclusively establish such line is a period of time beyond that required by the statute of limitations for the acquisition of land by adverse possession. 9 C. J. § 187, p. 245. This rule has been followed in a number of cases, two of which are somewhat similar to the case at hand. King v. Mitchell, 1 Tex. Civ. App. 701, 21 S. W. 50; Sullivan et ux. v. Michael et al., 39 Tex. Civ. App. 564, 87 S. W. 1061. A line thus established will control and become

the true boundary line of the land, even though it may not be established on the line called for in the deed. Roberts v. Blount (Tex. Civ. App.) 120 S. W. 933.

The undisputed facts of this case, in our opinion, bring it clearly within the above rules, and appellant Walter Anderson's deed to R. C. Barnwell conveyed such title as Walter Anderson had to all the land north of the fence built by George Anderson in 1899.

The judgment of the trial court will be affirmed.

### On Rehearing.

On motion for rehearing it is called to our attention for the first time that R. C. Barnwell conveyed all the land involved in this suit, except the minerals thereunder, to Cordie Mae Anderson and Robert George Anderson, appellants herein, and the effect of the trial court's judgment is to deny them any recovery for this interest. It is the opinion of this court that there was error by the trial court in denying the above-named appellants title to such interest as the deed dated July 8, 1932, from R. C. Barnwell to them conveyed.

The judgment of the trial court will therefore be reversed, in so far as it denies such appellants any recovery for this interest, and judgment will be here rendered in their favor; but in all other respects the judgment of the trial court is affirmed; and the motion for rehearing is overruled.