**MOORE et al. v. DEVONIAN OIL CO.**
**No. 8281.**

Circuit Court of Appeals, Fifth Circuit.
Aug. 2, 1938.

558

Ben D. Clower and L. L. James, both of Tyler, Tex., for appellants.

Joe E. Estes, of Tyler, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Devonian Oil Company, appellee, brought this suit against W. P. Moore and Ben D. Clower, to quiet its title and possession to two tracts of land in the William Killen Survey, in Rusk County, Texas, and to remove clouds on its title. The case presents largely questions of fact.

The bill in substance alleges that on January 22, 1931, R. A. Motley and wife executed an oil and gas lease to plaintiff, covering the land; that they had been in peaceful possession for more than 25 years under deeds of record and had paid the taxes; that defendant Moore claimed ownership of a part of the land and had conveyed an interest in it to Clower; that Moore had, since the date of the lease to plaintiff, secured a quit claim deed from Motley purporting to cover the land he claimed; that defendants had applied to the Railroad Commission of Texas for a permit to drill for oil and gas on the land;

and that they were attempting to drill a well thereon. The land in controversy is a strip of irregular shape about 1,800 feet long, containing 4.49 acres. Plaintiff contends it is on the eastern edge of the William Killen Survey.

Defendants answered, admitting the execution of the oil and gas lease and quit claim deed and intention to drill on the land, and alleged ownership in Moore. Defendants contend that the land is in the H. Wiggins Survey, which adjoins the William Killen Survey on the west, and that the quit claim deed from Motley covered in that survey land which he had under fence. Defendants also filed a cross action asking damages for the use and occupancy of the land by plaintiff.

The District Court found, in substance, that the land in dispute was within the field notes of the William Killen Survey; that a certain fence enclosing the land leased by Motley to plaintiff had been recognized as a boundary line between the two tracts since prior to August 26, 1887; that this boundary had been acquiesced in by plaintiff's vendors and defendants and their vendors; that, for the purpose of aiding Motley to lease the land to plaintiff, Moore had executed an affidavit to the effect that the said fence had been in place since 1890 and the land enclosed by it had been in peaceful, adverse possession by Motley by deeds, under which he claimed, for more than 25 years. The record fully supports these findings. It is unnecessary to further review the evidence.

The District Court held plaintiff's title to be good and valid and further that Moore, and Clower holding under him, were estopped to deny it, citing Anderson v. Atlantic Oil Producing Co., Tex.Civ. App., 83 S.W.2d 418; Moss v. Yager, Tex. Civ.App., 23 S.W.2d 396; Garza v. Brown, Tex.Sup., 11 S.W. 920; and Anderson v. Jackson, Tex.Sup., 13 S.W. 30. There was judgment for plaintiff as prayed for and against defendant on the cross action.

We concur in the rulings of the District Court. The record presents no reversible error. The judgment is affirmed.