## WHEELER et al. v. WARD.
### No. 6185.

Court of Civil Appeals of Texas. Amarillo.
Nov. 19, 1951.

Rehearing Denied Dec. 17, 1951.

Brookreson & Brookreson, Seymour, for appellants.

Storey & Donaghey, Vernon, for appellee.

PITTS, Chief Justice.

This is a suit in trespass to try title involving a strip of land containing about 2.7 acres between and adjacent to other lands owned by appellee, T. L. Ward, and appellant C. C. Wheeler. The case was tried to a jury upon special issues submitted and judgment was rendered for appellee upon the verdict from which judgment appellants, C. C. Wheeler and O'Neal Johnson, perfected their appeal.

Appellants claim title to the land in question by reason of a general warranty deed executed by N. F. Pitillo and wife, Lottie Pitillo, as grantors of date November 15, 1937, conveying the land in question, together with a tract of land adjacent thereto, to appellant C. C. Wheeler. Appellee bases his claim to the said land upon a general warranty deed executed by E. E. Broadus and wife as grantors of date January 29, 1924, conveying the said land to him and also upon the 10 and 25 years statutes of limitations. Upon special issues submitted to the jury it found that appellee and his predecessors in title had held peaceable, adverse and continuous possession of the land in question for a period of 10 years prior to the filing of this suit, using, claiming, cultivating and enjoying the same during the said period and it further found that appellee and his predecessors in title had held peaceable and adverse possession of the land in question under a claim of right, in good faith and under a deed for a period of 25 years prior to the filing of this suit. If the pleadings and evidence support either of these findings, the judgment of the trial court must be sustained, and the evidence must be considered in its most favorable light in support of the findings. These jury findings are challenged, however, by appellants who base their appeal upon two points of error contending that the trial court committed reversible error in its refusal to sustain their motion for an instructed verdict and in refusing to sustain their motion for judgment non obstante veredicto.

Appellee pleaded that he was the owner of the land in question when appellants unlawfully entered upon it on or about February 25, 1950, and dispossessed him of it by erecting a fence thereon and withholding the same from his possession. He likewise pleaded peaceable, adverse and continuous possession of the said land for a period of 10 years, during which time he claimed, used, cultivated and enjoyed it and he further alleged continuous, adverse and peaceable possession of the said land for a period of more than 25 years.

The record reveals that appellee and appellant C. C. Wheeler owned adjoining farms in Foard County, Texas, with the strip of land in question connecting the two farms and both parties claiming the said strip of land. Appellant O'Neal Johnson was the son-in-law of appellant C. C. Wheeler and Johnson exercised some authority in building a fence across the land about which appellee complains but according to the record he is not now an essential party to the suit. Appellee's said farm, including the strip of land in question, was all under fence when he bought it from Broadus on January 29, 1924. The

said fence separating the said farms was built some six or eight years before appellee bought his farm and the same was constructed of hog wire with two or three strands of barbed wire above the hog wire. Appellee's farm was on the east side of the fence and the other farm later owned and occupied by appellants was west of the fence. Just over the fence from appellee's farm, next to the said fence and on the farm now occupied by appellant, there existed a turn-row road running along the fence. For some years after appellee bought his farm he cultivated his land up to the fence dividing the farms, which included the strip of land here in question, and the occupants of appellants' farm cultivated their land up to the said turn-row road on their side of the fence. At some time prior to the date appellant Wheeler bought his farm on November 15, 1937, the fence separating the two farms was torn down. However the turn-row road continued to exist on the old fence line as the dividing line between the two farms and the occupants of the farms cultivated their respective lands up to the turn-row road. Appellee therefore continued to occupy, use and cultivate the strip of land in question until on or about February 25, 1950, when appellants asserted their claim to the said strip of land by building a new fence between the two farms and about 85 feet east of where the old fence line had existed. Such action on the part of appellants resulted in the filing of this suit on March 2, 1950, by appellee. In the trial court the issue of injunction was heard, together with the issues here presented, but the issue of injunction is not before us.

Appellee testified, in effect, that his farm was enclosed by a fence when he bought it and the strip of land in controversy was included therein. Before buying the land appellee inspected it and thereafter bought all the land within the enclosure, took possession of it at the time he bought it and has since held possession of all the said land, claiming it, using it and cultivating it continuously until appellants sought to dispossess him of the strip of land in question on February 25, 1950. Appellee further testified that a good many years after he bought the farm he removed the fence separating the two farms but from the time he bought the farm in 1924 until appellants sought to dispossess him of the strip of land in question in 1950 he had peaceable, continuous and adverse possession of the said strip of land using and cultivating it continuously or having it cultivated together with the rest of his farm.

The testimony of the witnesses John Hargrove, Willie Wright, Ed Huskey, J. D. Huskey and C. P. Sandifer corroborated appellee's testimony as to his occupancy and use of the land in question. The witness C. P. Sandifer further testified that he had known the land in question for many years and that Mr. Pitillo, then deceased but appellant Wheeler's predecessor in title, tried several times in former years to sell him (the witness) the farm owned and occupied by appellant Wheeler at the time of the trial and that Pitillo told him (the witness) that the original fence then separating Pitillo's farm from appellee's farm was the boundary line between the two farms.

The record reveals that sometime during the year 1938, after appellee himself had occupied adversely and used the strip of land in question for a period of 14 years without considering whatever period of time his predecessor in title had so used and occupied the same, appellant Wheeler approached appellee about a possible error in the existing boundary line between their farms. Appellee then advised the said appellant that he had bought his farm under fence, including the strip of land in question, that the existing line had been satisfactory to all parties previously and he was satisfied with what he had without making a survey of the line. The record shows that appellee continued to occupy and use the strip of land in question in the same manner that he had previously occupied and used it until appellants sought to take possession of the same.

In the case of Anderson v. Atlantic Oil Producing Co., Tex.Civ.App., 83 S.W.2d 418, writ refused, the court held that a line established by recognition and acquiescence by interested parties for a period of time beyond that required by the statute of limitations for acquisition of land by adverse

possession will control and become the true boundary line of land, notwithstanding the fact that the said line may not be established along the line called for in the deed.

It is our opinion that the issues of 10 and 25 years statutes of limitations were raised by both the pleadings and the evidence and the trial court properly submitted such issues to the jury. It is our opinion further that there is sufficient evidence of probative force to support the jury findings on these issues and the trial court's judgment based thereon. Bruce v. Washington, 80 Tex. 368, 15 S.W. 1104; Moss v. Yager, Tex.Civ.App., 23 S.W.2d 396; Davidson v. Whitaker, Tex.Civ.App., 196 S.W. 2d 57; Cook v. Winter, Tex.Civ.App., 207 S.W.2d 145. For the reasons stated appellants' points of error are overruled and the judgment of the trial court is affirmed.