## WILBURN et al. v. ABERCROMBIE et al.
### No. 3378.

Court of Civil Appeals of Texas. Beaumont. Feb. 9, 1939.

Rehearing Denied Feb. 15, 1939.

P. Harvey, of Houston, for plaintiffs in error.

Foster & Williams and Pitts & Liles, all of Conroe, C. A. Toler and T. L. Foster, both of Dallas, and Lawler, Wood & Childress, of Houston, for defendants in error.

WALKER, Chief Justice.

This suit was instituted by appellants against appellees, and many others, to recover the title and possession of the Wilson Strickland One-Third League of land in Montgomery County; by its order of severance the court, in this case, limited its jurisdiction to the following described tract of land:

"The following described tract of land, situated in Montgomery County, Texas, and being out of and a part of the Wilson Strickland One-Third League, to-wit:

"Being out of and a part of the Wilson Strickland Survey in Montgomery County, Texas, and being more particularly described by metes and bounds as follows:

"Beginning at the N. E. corner of the S. Y. Sitton Survey a ¾" Iron Rod for corner, from which a 16" Lynn brs. N. 75 degs. E. 1.7 vrs. and a 16" red Oak mkd. X brs. S. 75 W. 3 vrs.;

"Thence South 86 deg. 55 minutes East 301.7 vrs. to a ¾" iron rod from which a 10" Elm marked X brs. S. 79 degs. West 4 vrs. and a 10" maple mkd. X brs. S. 63 dets. 45 minutes East 4.4 vrs.;

"Thence South 1 deg. 31 minutes West 972 vrs. to a ¾" iron rod an old pine knot from which a 14" Lynn mkd. X brs. N. 35 degs. 30 minutes East 4.5 vrs. a 10" Magnolia mkd. X brs. N. 4 degs. 30 minutes E. 26.9 vrs. and a 14" Magnolia stump brs. S. 89 deg. 30 minutes W. 10.5 vrs.;

"Thence N. 88 deg. 32 minutes West 302.8 vrs. to a ¾" iron rod for corner;

"Thence in a Northerly direction with the East line of the S. Y. Sitton and West line of the Wilson Strickland Surveys to the place of beginning containing approxi-

mately 50 acres of land; said tract being out of and a part of the tract heretofore known as the 'O. L. Jones Homestead.'"

Appellants' petition was in the form of trespass to try title, and they claim the record title as heirs of Allen Vince, who died more than seventy years ago—a claim, as it related to the land in controversy, that had never been asserted until oil was discovered a short while before this suit was filed. Appellees' answer was by plea of not guilty and the several statutes of limitation. On trial to a jury, judgment was for appellees on an instructed verdict. The issue in the case was the location on the ground of the E. B. line of the tract of land described in the order of severance; appellants claim that the judgment fixed this line at 106 vrs. E. of its location; conceding that appellees have title by limitation to the land as described, they assert that the strip of land 106 vrs. wide E. and W. and 950 vrs. long N. and S. is not within the field notes of the land described in the order of severance, and that judgment for the strip should have been in their favor.

The undisputed facts locate the land as fixed on the ground by the judgment. The facts are as follows: By his deed in writing dated the 24th day of December, 1906, J. H. Feezell conveyed to O. L. Jones two tracts of land described as follows:

*First Tract*: "Beginning at the S. W. corner of the Ransom House One-Third League on the east boundary line of C. B. Stewart ⅔ League at a stake for corner from which a black gum 16 inches marked X brs. north 15 west 12 vrs.;

"Thence North 75' East with Ransom House S. B. line 492 ²⁄₁₀ varas to a stake for corner from which a Pin Oak 10 inches marked X bears North ⁹⁄₁₀ varas, a lynn 11 inches marked X bears North 75' East 2 varas;

"Thence South with the West line of Wilson Strickland Survey 1900 vrs. intersecting the East boundary line of the W. C. C. Lynch Survey set a stake for corner;

"Thence North 15' West 1835 ²⁄₁₀ vrs. to the place of beginning, containing 80 acres of land more or less, as per patent from the State of Texas to J. H. Feezel, asse. of S. Y. Sitton."

*Second Tract:* A part of the Wilson Strickland "Beginning at Northeast corner of a pre-emption survey located by S. Y. Sitton at a stake for corner;

"Thence East 299 %10 vrs. to a stake for corner;

"Thence South 950 vrs. set a stake for corner;

"Thence West 299 %10 vrs. to east boundary line of said Sitton Pre-emption, set a stake for corner;

"Thence North 950 vrs. to the place of beginning, containing fifty acres of land."

It thus appears on the calls in the deed that the second tract—the land in controversy—is tied to the first tract at its N. E. corner, at a distance of 492.2 vrs. from its N. W. corner. Appellants, as a matter of law, would establish the N. E. corner of the Sitton tract on this call for distance, and then would establish this corner as the N. W. corner of the second tract. With the N. W. corner of the second tract thus established, its N. E. corner would be 103.2 vrs. W. of the location fixed by the court's judgment, and would exclude from the second tract the strip of land claimed by appellants.

■ J. G. Roberts, an expert surveyor, located the N. E. corner of the first tract—the S. Y. Sitton tract—by extending its N. line 595.4 vrs. from its N. W. corner. At the point thus fixed by surveyor Roberts for the N. E. corner of the Sitton tract, he found bearing trees which he identified as the bearing trees called for in the Feezell-Jones deed. He surveyed the N. line of this tract its full length from its N. W. corner to its N. E. corner, and gave no testimony tending to fix the N. E. corner at any other point. He also located the N. E. corner of the Sitton as being in the W. boundary line of the Strickland, and made the E. boundary line of the Sitton a common line with the W. boundary line of the Strickland, as called for in the Feezell-Jones deed, and also in the description of the land as given in the order of severance. There was no controverting testimony. It requires no citation of authority to support the proposition that, when located, natural objects and the lines of a senior survey control a mere call for distance. So, as a legal conclusion, it follows that the N. line of the Sitton must be extended 595.4 vrs. E. from its N. W. corner for its N. E. corner. With the N. E. corner of the Sitton thus located, the second tract—the land described in the order of severance—includes the strip claimed by appellants. On this ground the judgment of the lower court should be affirmed.

■ Again: When Feezell made his conveyance to Jones he went upon the ground with Jones and pointed out, as the lines of the second tract, the very lines fixed in the court's judgment, Jones entered into possession of this tract of land as its location was pointed out to him, and claimed, used, occupied, and enjoyed that very tract of land to its designated lines for the full period of ten years limitation. It is immaterial that appellees testified that they claimed only the land described in the Feezell-Jones deed; they claimed, as their land, all the land within the boundaries pointed out to them by Feezell. On this ground the judgment of the lower court should be affirmed.

■ Again: If the strip of land claimed by appellants lies within the field notes of the land described in the order of severance, appellees have title by limitation; appellants concede this point. But, if the strip is not within that description, then it is not a part of the land in controversy, since the court by the order of severance released its jurisdiction over all other parts of the Strickland Survey. On this ground, also, the judgment of the lower court should be affirmed.

In briefing the case, both parties simply gave their fact conclusions based on the testimony in the record, and asked us to read the statement of facts consisting of 561 pages. As did the parties, we merely state our fact conclusions deduced from the record.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.