**TIDE WATER OIL CO. v. HALE et al.**

No. 4923.

Court of Civil Appeals of Texas. Texarkana.

March 27, 1936.

Rehearing Denied April 2, 1936.

W. H. Sanford, of Longview, Y. P. Broome, of Tulsa, Okl., and Conan Cantwell, of Longview, for appellant.

B. T. Fitzhugh, of Tyler, E. H. Lasseter, of Henderson, and A. A. Garrett, of Overton, for appellees.

JOHNSON, Chief Justice.

H. M. Hale and H. W. Hale sued the Tide Water Oil Company and others in the district court of Rusk county in trespass to try title to two tracts of land out of the John Darley survey in said county; the first tract being .12 of an acre, and the second tract being 2.7 acres. Tide Water Oil Company answered by general denial, a plea of not guilty, and by cross-action against the plaintiffs and three cross-defendants, namely, O. S. Wooley, Yandell Rogers, and Overton Refining Company, for title and possession of the seven-eighths oil and gas leasehold estate covering the two tracts of land and for damages against said plaintiffs and said cross-defendants for the extraction and conversion of oil therefrom.

The case was tried to the court without a jury. The court found against the plaintiffs and cross-defendants and in favor of the Tide Water Oil Company with respect to the .12 of an acre. The court found for the plaintiffs and cross-defendants and against the Tide Water Oil Company for the west portion of said 2.7-acre tract, comprising 1.86 acre, and as to said 1.86 acre judgment was rendered that plaintiffs and cross-defendants recover title and possession thereof from the defendant Tide Water Oil Company, and that said defendant take nothing by its cross-action.

The Tide Water Oil Company has appealed from the judgment awarding the 1.86 acre to the plaintiffs and cross-defendants, and denying appellant any interest therein; the issue involved in the appeal being whether or not the trial court erred in holding that appellant's oil and gas lease does not extend to and include said 1.86-acre strip within its west boundary line.

Appellant's lease covers the west side of what is known as the Hale tract of land. The controversy is as to the location of its west boundary line. The Hale tract and the Wilson tract of land are both in the Darley H. R. survey. The Wilson is the senior of the two tracts, and is located in the southwest corner of the Darley survey.

The Hale tract is east of and adjoins the Wilson tract. The west line of the Hale tract calls to run with the east line of the Wilson tract. It is this division line the location of which is in dispute.

The 2.7 acres sued for by appellees is the south portion of a strip approximately 1,650 feet long north-south, and 124 feet wide at its south end, tapering to a point for its north end, which point was formerly witnessed by a post oak tree north 85, east. $7\frac{4}{5}$ varas, and is claimed to be the northeast corner of the Wilson and the northwest corner of the Hale tracts. The west line of the 2.7 acres coincides with an approximate north-south division fence line established in 1897 between the Wilson and the Hale tracts by the owners of said two tracts of land. The east line of the 2.7 acres is an approximate north-south line surveyed for H. M. Hale by Paul S. Wooley in the latter part of 1933 or first part of 1934, and will be referred to as the Paul Wooley line. The south end of the Paul Wooley line is 124 feet east of the south end of the division fence line. The south end of both of which lines terminate in the south boundary line of the Darley survey.

The 1.86 acre recovered by appellees from appellant is the west portion of the 2.7 acres, and is all of that part of said 2.7-acre strip lying west of a due north-south line running "through a hickory tree" 81 feet south of the point formerly witnessed by the post oak tree north 85, east $7\frac{4}{5}$ varas. This line was surveyed for H. M. Hale by A. L. Land in May, 1934, and will be referred to as the A. L. Land line. Its south end is 84.8 feet east of the south end of the division fence line, and is 39.2 feet west of the south end of the Paul Wooley line, and is located on the south bank of a small ravine crossing the south boundary line of the Darley survey at or near this point.

In 1927, appellee H. M. Hale, owner of the west portion of the Hale tract, executed an oil and gas lease conveying same to C. M. Joiner, trustee. Appellant acquired this lease by mesne conveyance from Joiner, trustee. The description of the west boundary line of the tract covered by the Joiner lease calls to run from the corner witnessed by the post oak tree north 85 east $7\frac{4}{5}$ varas, thence south with the east line of the Wilson tract to the southeast corner of the same.

It is the contention of appellees that this call refers to the "east line of the Wilson

tract" as the same should be located by a survey in accordance with the field notes as described in the original deed conveying the Wilson tract; that such a survey locates the true east boundary line of the Wilson tract, hence the west boundary line of the land described in appellant's lease out of the west side of the Wilson tract, along the line surveyed by Paul Wooley in 1933–1934, or along the line surveyed by A. L. Land in 1934, therefore, it is contended, the land in controversy is not a part of the original Hale tract, and not included in appellant's lease; but that it is a part of the original Wilson tract which was encroached upon by the Hales in establishing the 1897 division fence and acquired by them by subsequent occupancy under the ten years' statute of limitation.

Appellant contends: (1) That the division fence, established in 1897 and continuously since maintained, is along the true division line called for in the original deeds to the Wilson and Hale tracts. (2) That the agreement in 1897 of the Hales, owners of the Hale tract, and A. M. Kent, owner of the Wilson tract, that the location on the ground of the boundary line between the two tracts of land was the line on which they then built the division fence, together with subsequent recognition and acquiescence by the respective owners of the two tracts, continuously since that time, has the legal effect of establishing it as the controlling boundary line between the two tracts of land, regardless of whether a survey in accordance with the original field notes might place the true line elsewhere. (3) That the field notes covering appellant's lease were constructed from an actual survey of the land and that the surveyor actually surveyed along the division fence in constructing the call for the west boundary line to run "south with the east boundary line to run "South with the East boundary line to run "South with the East boundary it is contended by appellant that the description of the west boundary line of its lease covers and includes the land in controversy.

Prior to 1858, Niel Brown owned the south portion of the Darley H. R. survey. In that year he conveyed to Thomas Wilson 81 acres, more or less (now known as the Wilson tract), in the southwest corner of the survey by field notes described as follows: "Beginning at the South West corner of said Darley 320 acre survey and running East with the South boundary line 400 varas to a corner on said boundary line; Thence North 880 varas to a post oak corner near the road leading from London to Bunker Hill; Thence Eastward with said road to Johnson's creek; Thence up said creek to the South boundary line of a survey of 60 acres of land sold and deeded by the executor of R. W. Smith to C. Cincents it being a part of said Darley survey; Thence West 600 varas with said boundary line to a post oak corner on the West boundary line of said Darley survey; Thence South with said line to the beginning corner containing by survey 81 acres more or less."

In 1870, he conveyed the land to the east of the above-described tract to H. P. Hale (now known as the Hale tract) by field notes described as follows: "Beginning at the S. E. corner of an 81 acre tract heretofore conveyed to Thos. Wilson at a stake south of the ravine; Thence East with the south line of the original survey to its southeast corner; Thence north with the east line of said survey to its N. E. corner; Thence West with the line of the survey conveyed by the Executors of R. W. Smith, dec'd., to the said Daniel Canseller to Johnson's creek; Thence down said creek to the London road; Thence West with said road to a corner being the N. E. corner of the 81 acre survey in the road; Thence South with the east line of the said 81 acre survey to the place of beginning, containing one hundred and eighty acres of land."

H. P. Hale died in 1886, leaving surviving him his wife, Mrs. Sue Hale, and seven children, two of whom are H. M. Hale and H. W. Hale, appellees herein. For the first four years after H. P. Hale's death, his son, Joel Hale, was in general charge of the Hale farm. Thereafter, from 1890 until the partition of the estate in 1907, appellee H. M. Hale was in charge of the land, and his mother, brothers, and sisters left to him the general management of the farm, including such matters as the location of land lines and building fences. Prior to 1897, there was an old rail fence running substantially north and south in the vicinity of the west line of the Hale tract and some distance east of the present division fence line. In that year, H. M. Hale decided he wanted to build a new and better fence along the west side of the Hale land. He believed that the old rail fence was too far east, and, desiring to build the new fence on the true and correct line, he investigated and found a marked line, located west of the old fence, beginning at or

near a marked maple tree in the south boundary line of the Darley survey and running substantially north and south. At that time, A. N. Kent was the owner of the Wilson tract. Hale and Kent discussed and considered the matter and agreed upon a location of the boundary between the two tracts of land to run along the marked line found by Hale. Pursuant to the agreement, a right of way was cut through the trees and a new rail fence was erected along the marked line. The old rail fence was torn down, and some of the rails used in building the new fence. The new fence was commenced in 1897, and was completed from the south line up to the house (which is north of the land in controversy) in 1898. That fence, as it was built along that line in 1897–1898, has ever since been located in the same place; the rail fence having been replaced with wire in the same location. From that time (1897–1898) until 1933, the line of that fence was acquiesced in by the owners of the land on both sides as being the west boundary line of the Hale tract and the east boundary line of the Wilson tract.

In 1907, a partition of the Hale land was agreed upon between the Hales, whereby 88 acres off the west side was set apart to H. M. Hale, appellee. For the purpose of making the partition deed, a survey of the land was made by J. E. Arnold, a surveyor of Rusk county, and a partition deed was prepared and executed by Sue M. Hale and others to H. M. Hale, setting apart to the said H. M. Hale 88 acres of the Hale land, by field notes, the description of which pertinent to the location of the west boundary line is as follows: "Beginning at the S. E. corner of the Thos. Wilson 81-acre tract on the South line of the John Darley Survey, a corner, South of small dry ravine, being the Southwest corner of the H. P. Hale home tract. Thence East (and North, etc., on around the 88-acre tract to the N. W. corner—corner of the Thos. Wilson 81-acre tract, a post oak bears North 85 E 7-4/5 vrs) Thence South with the East line of the Thos. Wilson tract 890 vrs. to the place of beginning, containing 88 acres of land, more or less."

In making his survey for the purpose of preparing the field notes used in the above partition deed, Mr. Arnold, the surveyor, went upon the ground and first surveyed around the entire H. P. Hale tract and then divided it; H. M. Hale getting the west 88 acres described. In surveying the west line described in the partition deed, the surveyor, accompanied by H. M. Hale and others, followed the division fence line between the Hale tract and the Wilson tract, being the fence as it was built in 1897, and as it has stood ever since that date. H. M. Hale testified, which testimony is uncontradicted, to the effect that it was the intention of the parties to partition the entire Hale tract, and that he, H. M. Hale, would get the west portion, bounded on the west by the west line of the Hale land as they knew it, which was the line of the fence as it was built in 1897, and since remained.

It was agreed upon the trial that H. M. Hale acquired a good and valid title in fee simple to the tract of land described in the partition deed as being conveyed to him. October 18, 1907, H. M. Hale conveyed 40 acres in the east part of the 88-acre tract partitioned to him, to one Beckham. In April, 1927, H. M. Hale and wife executed an oil and gas lease to C. M. Joiner, trustee, covering three tracts of land, one of them being the 88-acre tract partitioned to him, less the 40 acres sold by him to Beckham off the east side of the 88-acre tract, which 48 acres off the west side of the 88-acre tract, covered by the lease from Hale to Joiner, is described by the same field notes as contained in the partition deed from Sue Hale and others to H. M. Hale, by reference to the page and volume of the deed records of Rusk county, Tex., in which the deed is recorded. It was agreed on the trial that appellant, Tide Water Oil Company, owned the Joiner lease as to all the land covered thereby. Appellee H. M. Hale further testified that when the partition deed was made he took the west portion of the land clear to the fence, and has claimed it since that time, and that when the lease was made to Joiner he never had any other thought except that the fence was the line.

In 1933, O. S. Wooley told H. M. Hale that in his opinion Hale had a strip of land not covered by the Tide Water Oil Company's lease. Whereupon, an agreement was made between Hale and Wooley whereby Wooley would attempt to recover the strip in question in consideration of an undivided one-half interest therein; Wooley to handle the expenses of the litigation which would be necessary to be brought against the Tide Water Oil Company in recovering the land. Pursuant to this arrangement, H. M. Hale made a mineral deed to Wooley covering a one-half interest in the minerals under the two tracts of

land involved in this suit. A survey was then made of th. land by Albert Wooley in the latter part of 1933 or first part of 1934, and another survey was made by A. L. Land in May, 1934; which surveys resulted in locating the division line between the Hale tract and the Wilson tract along the two lines hereinabove referred to as the Paul Wooley line and as the A. L. Land line, respectively. Hale and Wooley then joined in an oil and gas lease covering the strip of land to Yandell Rogers. A deed was also executed describing the 2.7 acres by H. M. Hale's brothers and sisters (other than appellee H. W. Hale) conveying same to appellee H. M. Hale. This suit was then filed by H. M. Hale and H. W. Hale against the Tide Water Oil Company. During the pendency of the suit, and with knowledge of appellant's claim to the land, Yandell Rogers drilled and completed a producing oil well on that part of the 2.7 acres described as 1.86 acre. Up to the time of the trial, it was admitted that appellees had produced and appropriated 2,200 barrels of oil from the well, the value of which was $1 per barrel. In addition to its prayer for title and possession of the land, appellant asked judgment for seven-eighths of the value of the oil so produced and appropriated from the well by appellees.

The trial court found "that the East boundary line of the Thomas Wilson 81-acre tract as described in the deed in evidence (executed in 1858 by Niel Brown to Thomas Wilson) describing said tract would fall along and upon the line hereinabove described," established and described by the surveyor A. L. Land in 1934, beginning at a corner, being the northwest corner of the Wilson tract and the northeast corner of the Hale tract formerly witnessed by a post oak tree north 85 east, 7⅘ varas, thence due south to the south boundary line of the Darley survey on the south bank of a dry ravine, same being 84.5 feet east of the division line fence corner established in 1897; that said line is the true west boundary line of the original Hale tract, and is the west boundary line of the land described in the partition deed to H. M. Hale and in appellant's lease; that the 1.86-acre strip, lying west of this due north-south line surveyed by A. L. Land and east of the division fence line, is a part of the original Wilson tract, and was acquired by the Hales by peaceable and adverse occupancy continuously since 1897. Upon these findings the court rendered judgment for appellees and against appellant for the 1.86-acre strip.

## Opinion.

■ We do not think that the judgment of the trial court can be sustained. Regardless of the facts as found by the trial court, that the field notes as described in the deed executed by Niel Brown to Thomas Wilson in 1858 will locate the east boundary line of the Wilson tract along the due north-south line surveyed by A. L. Land, the further uncontradicted facts establish an agreed boundary line between the two tracts of land by the owners thereof in 1897. Pursuant to this agreement, a right of way was cut and a fence was built along the marked line of its agreed location. Continuously since that time, from 1897 till this controversy arose in 1933, this fence has been recognized and acquiesced in by the successive owners of each side as a common boundary line between the two tracts of land. Such agreed boundary line is binding on the parties and their subsequent vendees, and controlling effect must be given to its location upon the ground, even though a survey may locate the original boundary line elsewhere. Alexander v. Schleicher County (Tex.Com.App.) 3 S.W.(2d) 75; Moss v. Yager (Tex.Civ.App.) 23 S.W. (2d) 396.

■ This agreed boundary line was well marked by the fence and was established upon the ground at the time the field notes of appellant's lease were executed. Therefore, it must be held that the description of the field notes calling for the west boundary line of appellant's lease to run from the point established as the northeast corner of the Wilson tract and the northwest corner of the Hale tract, "thence South with the East line of the Wilson tract," was meant and intended to run with the east line of the Wilson tract as it was then established upon the ground. Anderson v. Atlantic Oil Producing Co. (Tex.Civ.App.) 83 S.W.(2d) 418, writ refused; Dow v. American Liberty Oil Co. (Tex.Civ.App.) 83 S.W.(2d) 401, writ refused.

The judgment of the trial court, in so far as it denies appellant, Tide Water Oil Company, a recovery against appellees for the 1.86 acre of land and for its damages for the value of appellant's seven-eighths interest in the oil produced and converted by appellees therefrom, is reversed, and judgment here rendered in favor of the appellant and against the appellees, H. M.

Hale, H. W. Hale, O. S. Wooley, Yandell Rogers, and the Overton Refining Company, for the title and possession of the seven-eighths leasehold oil and gas estate in and to the 1.86 acre of land, and in favor of the appellant against said appellees for the amount of $1,925, being seven-eighths of the 2,200 barrels of oil of the value of $1 per barrel, converted by appellees from the land. In all other respects the judgment of the trial court is affirmed. That the cost of the trial court and the cost of this appeal be taxed against said appellees.