**DAVIS et al. v. TATE et al.**

No. 5017.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1937.

Rehearing Denied Feb. 25, 1937.

Hatchell & Campbell, of Longview, and J. H. Synnott, of Jasper, for appellants.

J. W. Timmins and T. L. Foster, both of Dallas, Wynne & Wynne, McGaw & Mitchell, and Edwin Lacy, all of Longview, Sam Williams, of Mt. Pleasant, and Ramey, Calhoun & Marsh, of. Tyler, for appellees.

JOHNSON, Chief Justice.

This appeal is by plaintiffs from a judgment rendered upon an instructed verdict in favor of the defendants in an action in trespass to try title to a strip of land containing about 4 acres in the Wm. H. Castleberry survey in Gregg county.

Leon Smith and wife owned 320 acres of the Wm. H. Castleberry survey. They conveyed 50 acres to J. M. Tuttle, and the remaining 270 acres to J. N. Campbell. Campbell conveyed 97 acres off the north end of the 270 acres to S. E. Davis. F. A. Matthews acquired the remaining 173 of the 270 acres. The J. M. Tuttle 50-acre tract joins the Matthews tract on the west. The Tuttle tract and the Matthews tract are bounded on the north by the S. E. Davis 97-acre tract. October 30, 1916, S. E. Davis and wife conveyed to J. M. Finch that part of the Davis 97-acre tract described in the deed as follows:

"All that certain tract or parcel of land situated in Gregg County, Texas, being out of the William H. Castleberry Survey, which survey was patented to him by patent No. 493, Vol. 16, dated July 19, 1884, and recorded in Vol. W on page 223 of the Deed Records of Gregg County, Texas.

"Beginning 96 varas E. from the N. E. corner of a 50 acres tract of land deeded to J. M. Tuttle by Leon Smith and wife on the 8th day of April, 1905, which deed is recorded in Vol. U, page 612, Deed Records of Gregg County, Texas, which beginning corner is the S. E. corner of the, S. E. Davis pasture fence and is about 2,295.5 varas W. and about 389 varas S. of the N. E. corner of the original survey;

"Thence E. 930 varas with the N. line of the F. A. Matthes 173 acre tract of land to N. W. corner of same on Hawkins Creek;

"Thence E. with the meanderings of said creek about 389 varas to the N. B. L. of the original survey, same being the S. B. L. of the Henry Hathaway survey, a state for corner;

"Thence W. 930 varas with the N. B. L. of the original survey, same being the N. E. corner of said S. E. Davis pasture, a stake for corner;

"Thence S. about 389 varas with said pasture fence to the place of beginning, containing ——— acres of land, more or less;

"Said tract of land being the East end of a 97 acre tract of land conveyed by J. N. Campbell to S. E. Davis on the first day of November, 1908, and recorded in Vol. ———, page ———, Deed Records of Gregg County, Texas."

Appellants, plaintiffs below, are the heirs of S. E. Davis, deceased. Appellees hold under J. M. Finch. Appellants contend that the description in the above deed from Davis and wife to Finch does not cover all the east end of the Davis 97-acre tract, in that said description, it is contended, does not cover a strip 26½ varas north and south, and 930 varas east and west, across the south side of the east end of the said Davis 97-acre tract; the south line of the contended strip being the north line of the Matthews 173-acre tract and the north line of the strip running parallel to and 26½ varas north of the north line of the Matthews tract.

The controlling question presented is whether or not the trial court erred in con-

struing the description in the deed from Davis and wife to Finch as covering all the east end of the Davis 97-acre tract.

■ It is admitted that no actual survey was made in preparation of the description in the Davis-Finch deed. Recently Mr. George F. Ballard surveyed the land described in the deed. In applying the field notes to the ground, Mr. Ballard found that there is a conflict in the descriptions of the beginning corner called for in the deed, in that the point "96 varas East from the N. E. corner of the 50-acre tract of land deeded to J. M. Tuttle," and "the S. E. corner of the S. E. Davis pasture fence," do not coincide. Ballard's survey located the point "96 varas East from the N. E. corner of the Tuttle 50-acre tract." It is in the S. B. line of the Davis 97-acre tract and the N. B. line of the Matthews tract (now also known as the Hopkins tract). The S. E. corner of the Davis pasture fence is located approximately north 26½ varas from this point. It is shown in the evidence that the S. E. corner of the Davis pasture fence was nailed to a sweet gum tree—not mentioned in the deed. The further description of the beginning corner as being "about 2295.5 varas West and about 389 varas South of the N. E. corner of the original (Castleberry) survey" does not, in measurement of the number only of the varas expressed, touch the S. E. corner of the Davis pasture fence or the point 96 varas east from the N. E. corner of the Tuttle 50-acre tract, but it puts the surveyor in about, or the approximate location of, either of said conflicting points. One of the two conflicting descriptions of the beginning corner must be discarded; they are not reconcilable. Appellants contend that the description of the corner as being the S. E. corner of the Davis pasture fence is a call for a natural or artificial object and should control over the call locating the corner by course and distance from the N. E. corner of the Tuttle 50-acre tract. The contention is not sustained, for the reason that the rule invoked by appellants as to the comparative weight to be given to the various classes of calls is not controlling, when to give it effect would defeat the true intention of the grantor otherwise revealed from the instrument as a whole.

"It frequently happens that the description of land contained in a deed is consistent upon its face, but when it is attempted to be applied upon the ground inconsistencies in the calls develop. In such cases controlling effect is always given to the call which will give effect to and carry out the intention of the parties and the call inconsistent with and which will defeat that intention is rejected as false regardless of the comparative dignity of the conflicting calls." Miller v. Southland Life Ins. Co. (Tex.Civ.App.) 68 S.W.(2d) 558, 560; 7 T.J. title, Boundaries, §§ 5, 33, 34.

■ In Sun Oil Company v. Burns, 125 Tex. 549, 84 S.W.(2d) 442, 444, it is said: "The strictness of ancient rules for construing deeds and like instruments has been relaxed, and it is now well settled that all parts of the instrument will be given effect when possible, and the intention of the parties will be gathered from the whole without reference to matters of mere form, relative position of descriptions, technicalities, or arbitrary rules."

The prime purpose in construing a deed, as any other contract, is to ascertain and give effect to the intention of the parties as revealed by the instrument as a whole and not from a single word, clause, or part. Reynolds v. McMan Oil & Gas Co. (Tex. Com.App.) 11 S.W.(2d) 778; Associated Oil Co. v. Hart (Tex.Com.App.) 277 S.W. 1043; Gibbs v. Barkley (Tex.Com.App.) 242 S.W. 462; Hoffman v. Magnolia Petroleum Co. (Tex.Com.App.) 273 S.W. 828; Sun Oil Co. v. Burns, supra.

■■ It will be noted that the concluding paragraph, or general description, of the land intended to be described by the preceding particular description is described as "said tract of land being the East end of a 97-acre tract of land conveyed by J. N. Campbell to S. E. Davis. * * *" No intention is there shown to reserve or except any part of the east end of said Davis 97-acre tract. To begin 96 varas east of the N. E. corner of the Tuttle 50-acre tract, thence east 930 varas with the north line (an established and well-marked line) of the Matthews 173-acre tract, as called for in the deed, the field notes will describe and cover the east end of the Davis 97-acre tract, and conform to the intention of the grantor as revealed by the general description. To begin at the S. E. corner of the Davis pasture fence, thence east 930 varas (an unestablished and unmarked line 26½ varas north of and parallel to the north line of the Matthews tract), the field notes in the deed will describe only a portion of the east end of

the said Davis 97-acre tract and will not carry out the intention evidenced by the general description. The rule is well established that a general description may be looked to in aid of a particular description that is defective or doubtful. Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003; Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.(2d) 452. We think that the learned trial judge correctly construed the deed.

The judgment is affirmed.