J. B. BOND ET AL V. MRS. ORA MAY SHOULTS MIDDLETON ET AL.

No. 7652. Decided November 5, 1941.
(155 S. W., 2d Series, 789.)

*W. H. Sanford* and *Conan Cantwell*, of Dallas for J. B. Bond, and *Thompson, Knight, Baker, Harris & Wright* and *Sol Goodell*, all of Dallas, for Frank R. Foster, Inc., and *Cooper K. Ragan*, of Houston, for Kirby Petroleum Co., all plaintiffs in error.

The Court of Civil Appeals erred in holding that the corner established by the surveyors was on an unmarked line some distance to the East of a known corner. Plowman v. Miller, 27 S. W. (2d) 612; Thatcher v. Matthews, 101 Texas 122, 105 S. W. 317; Tide Water Oil Co. v. Hale, 92 S. W. (2d) 1102.

*Wynne & Wynne* and *Henry R. Harbour*, all of Longview, for defendants in error, Mrs. Middleton and her hubsand.

It was error for the Court of Civil Appeals to hold that the description set out in the judgment did not sufficiently describe the land, as an officer of the court with the assistance of any competent surveyor could find the boundaries of the land by the matters set out in the judgment. Collins v. Powell, 268 S. W. 1013; Watkins v. Hines, 214 S. W. 663; Humble Oil & Refining Co. v. Owens, 128 S. W. (2d) 67.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

Defendant in error Mrs. Middleton, joined by her husband, sued plaintiffs in error J. B. Bond et al for the title and possession of a tract of land out of the John Ruddle survey in Gregg County 655 by 122 by 655 by 115 feet in dimensions and for damages for the value of oil taken from a well drilled on the land. She alleged ownership acquired by adverse possession for ten years. The district court, after trial before a jury, rendered judgment for Mrs. Middleton against all plaintiffs in error for the title and possession of the land, against plaintiffs in error J. B. Bond and Frank R. Foster, Inc., for $11,977.99 and against the other plaintiffs in error for various smaller sums representing the value or the proceeds of oil taken or received.

On account of its conclusion that the description contained in the petition and in the judgment failed to identify the land, the Court of Civil Appeals reversed the trial court's judgment and remanded the cause. 131 S. W. (2d) 294.

Plaintiffs in error Bond et al, in support of their assignments of error that both the trial court and the Court of Civil Appeals erred in failing to render judgment that defendant in error Mrs. Middleton take nothing by her suit, present the single proposition that a deed made by Mrs. Middleton to one Everett in the year 1930 "as a matter of law included the strip in controversy" and thus divested her of such title as she may have theretofore acquired. In our opinion this proposition is the controlling question in the case.

Katie M. Beham by inheritance from Archie Stevens became the owner, several years prior to 1916, of a tract of land in the Ruddle survey containing about 60 acres and lying immediately west of a larger tract in the same survey owned by Wm. J. Rodden. The deed through which the 60 acre tract was acquired by Stevens describes the land conveyed as beginning at a point 49 varas south of the Wm. J. Rodden northwest corner and running thence south with Rodden's west line. It describes a dogwood tree as bearing tree at the northeast corner and a white oak tree and a gum tree as bearing trees at the southeast corner of the land conveyed. By deed dated March 6, 1916, Katie M. Beham conveyed to Margaret Hill the south one-half of the 60 acre tract which has been conveyed to Stevens. This deed contains substantially the same descrip-

tion by metes and bounds of the 60 acre tract as that set out in the deed to Stevens, with the recital that the land conveyed is the south one-half of the 60 acre tract.

Margaret Hill took title to the land for W. C. Shoults, who was then the husband of defendant in error Mrs. Middleton, and on May 24, 1926, conveyed it to Mrs. Middleton, then Mrs. Shoults, using the same description as that contained in the deed by which the land had been conveyed to her. Mrs. Middleton, after the death of W. C. Shoults, sold and conveyed the land on March 12, 1930, to Carl B. Everett. The description of the land as set out in this deed, being substantially the same as that in the deed to Margaret Hill and in Margaret Hill's deed to Mrs. Middleton, is as follows:

"Being a part of the John Ruddle H. R. Survey about 8 miles N. W. from the City of Longview; and

"Beginning at 49 vrs. South of W. J. Rodden's N. W. corner from which a dogwood brs. 66' E 6 vrs;

"THENCE South with the W. B. line of same at 450 vrs. to a stake a white oak brs. S. 80;

"THENCE West 732 vrs. a stake for corner;

"THENCE North 460 vrs. a stake for corner;

"THENCE East to the place of beginning, 732 vrs. more or less. The land herein conveyed being the South one-half of the original Katie Moore Beham homestead, and containing 30-1/4 acres of land more or less."

The theory of defendant in error Mrs. Middleton's case is that the tract of land 655 by 122 by 655 by 115 feet in dimensions, and described as containing 2.4 acres, for which she sues, was not conveyed by the deed to Margaret Hill or by Margaret Hill's deed to her but that, following the execution of the deed to Margaret Hill, she, Mrs. Middleton, acquired title to the small tract of land by adverse possession and that said tract is not included within the description in her deed to Everett. Plaintiffs in error contend that the tract in controversy is included within the description contained in Mrs. Middleton's deed to Everett and that consequently, having conveyed the land to Everett in 1930, Mrs. Middleton has no title to it and cannot recover it in this suit.

It is apparent from the foregoing statement of the contentions of the parties that the important fact in the case is the location of the east line of the tract of land conveyed by the deed from Mrs. Middleton to Everett. The field notes in this deed contain three matters of description that may serve to fix the location of that line. Bearing trees are given as marking the northeast corner and the southeast corner of the tract. The line is described by reference to a line and a corner of Rodden's land, that is, beginning 49 varas south of Rodden's northwest corner and running thence south with Rodden's west boundary line. The deed contains the statement that the land conveyed is the south one-half of the original Katie M. Beham homestead.

The evidence offered by defendant in error Mrs. Middleton on this question of boundary relates primarily to the location of the west line of the Rodden land. The testimony of an experienced surveyor and other evidence offered by her tend to prove that the true location of the west line of the Wm. J. Rodden tract is along a line extended north from the northwest corner of the G. W. Tate tract, which lies to the south of the Rodden land, to an intersection with the north line of the Rodden tract. Evidence offered by plaintiffs in error, including the testimony of another experienced surveyor and of other witnesses as to the location on the ground of bearing trees (no longer standing) would support a finding that the east line of the Katie M. Beham 60 acre tract, and consequently the boundary line between that tract and the Wm. J. Rodden land as described in the deed from Mrs. Middleton to Everett and in prior deeds, is along an old fence and a well marked line, which is from 115 to 122 feet farther east than the line extended north from the northwest corner of the Tate tract.

The jury found in answer to special issues that the west line of the Wm. J. Rodden land as originally located on the ground and as described in the deed to Rodden ran north from the northwest corner of the Tate tract to an intersection with the north line of the Rodden tract as fenced; that the east line of the Archie Stevens tract as described in the deed from Mrs. Nancy Carter, executrix, to Archie Stevens, coincide with the west line of the Rodden tract; that the land described in plaintiff's petition was not included within the field notes of the tract described in the deed from Mrs. Nancy Carter, executrix, to Archie Stevens; and that Mrs. Middleton by her deed to

Everett did not intend to convey to the old fence line along the east side of the land in controversy.

1 Defendant in error Mrs. Middleton contends that the evidence with respect to the location of the boundary line between the Katie M. Beham tract and the Wm. J. Rodden land is conflicting and that consequently the question of boundary was one of fact to be submitted to the jury. It is our opinion, however, after careful consideration of all of the evidence in the statement of facts, that the description contained in the deed from Mrs. Middleton to Everett, read and interpreted as it may properly be under the facts of this case, in the light of Mrs. Middleton's testimony as to her intention and the surrounding circumstances proven by undisputed evidence, clearly and as a matter of law discloses the intention on the part of Mrs. Middleton to convey to Everett by her deed all of the tract of land owned and claimed by her, including the land in controversy.

When Katie M. Beham, the owner of the 60 acre tract known as her homestead, conveyed the south one-half of that tract in 1916 to Margaret Hill for W. C. Shoults, the husband of Mrs. Middleton, that one-half of the 60 acre tract was fenced so that the land in controversy was within the enclosure, the fence along the east side of the enclosed land being the east line of the narrow tract for which Mrs. Middleton now sues. Mrs. Middleton and her husband went into possession of the land so enclosed and through tenants cultivated it as one tract up to the east fence, and continued thus to possess and use it until Mrs. Middleton in 1930 executed the deed to Everett. After Mrs. Middleton sold the land to Everett her tenant continued to possess and cultivate it as before but paid rent to Everett and none to Mrs. Middleton. All the taxes on the Katie M. Beham land were paid by W. C. Shoults and Mrs. Shoults, after it was conveyed to Margaret Hill, until Mrs. Middleton sold it to Everett in 1930. She has never paid any taxes on any land in that vicinity since 1930.

Mrs. Middleton testified in substance as follows: A short time after Mr. Shoults bought the land from Katie M. Beham she went with him around the land from one fence to another, north, south, east and west, and he pointed out to her the fence on the east side between the Katie M. Beham land and the Fisher (Rodden) land as being the east line of the land he had

bought. The fence was never changed from the day he bought it, always went entirely around it. They cultivated all of the land from the fence on each side, and she (Mrs. Middleton) always considered the fence along the east line of the land as being the east line of the land formerly owned by Katie M. Beham and by her conveyed to Margaret Hill. She considered the fence to be the east line of the land when she bought it and when she sold it to Everett, and she intended by the deed she made to Everett to convey the land from one fence to the other.

The jury found in answer to special issues that Mrs. Middleton from 1916 to the time of her conveyance to Everett recognized and considered the old fence line along the east side of the land described in plaintiffs' petition as being the west line of the Fisher (Rodden) tract and that she recognized and considered that old fence line as being the east line of the tract conveyed to her by Margaret Hill.

The old fence between the Beham land on the west and the Rodden land on the east was along an old line well marked by surveyor's marks on the trees. A number of witnesses testified that they had known the fence line and the marked line for many years. One testified that he remembered the fence as far back as 1909 or 1910.

The testimony of Jones, offered as expert witness by defendants in error, shows that when he made his survey in 1931 he found the old fence and the well marked line along the east line of the land in controversy; that along the boundary line between the Beham land and the Rodden land, as he constructed it by extending a line north from the northwest corner of the Tate land, he found no evidence of a fence or a marked line; that he found nothing to indicate that there had ever been any marked line at or near the boundary between the Beham land and the Rodden land except the well marked line along the old fence; and that at the point where he located the northwest corner of the Rodden line by projecting the west line of the Tate tract north he found no witness trees or other evidence of an old corner. It was proven without contradiction that the entire 60 acre tract of land as fenced was for many years known as the Katie M. Beham homestead.

**2, 3** The facts stated are very similar to those in Dow v. Amer-

ican Liberty Oil Co., 83 S. W. (2d) 401 (application for writ of error refused) in which it was held that a call in a deed for a corner of another tract meant the corner of such tract as marked and established on the ground at the time the deed was made rather than the corner of such tract determined by course and distance or by construction. See also Anderson v. Atlantic Oil Producing Co., 83 S. W. (2d) 418 (application for writ of error refused) ; Tide Water Oil Co. v. Hale, 92 S. W. (2d) 1102. The decision in the Dow case, as is apparent from the opinion, is the application of the well settled rule that if ambiguity arises when the description or field notes contained in a deed are applied to the ground, extrinsic evidence may be admitted to interpret properly the description and thus to give effect to the true intention of the parties. Thompson v. Langdon, 87 Texas 254, 258, 28 S. W. 931; Wilson v. Giraud, 111 Texas, 263, 231 S. W. 1074; Gill v. Peterson, 126 Texas 216, 222, 86 S. W. (2d) 629; Humble Oil & Refining Co. v. Ellison, 134 Texas 140, 146, 132 S. W. (2d) 395; Davis v. Tate, 101 S. W. (2d) 1069 (application for writ of error refused) ; Livingston Oil & Gas Co. v. Shasta Oil Co., 114 S. W. (2d) 378.

4. In applying to the ground the description contained in the deed from Mrs. Middleton to Everett, we disregard as not conclusive the evidence by which plaintiffs in error undertook to prove the location of the bearing trees marking the northeast and southeast corners of the tract conveyed. The deed describes the land conveyed as beginning at a point 49 varas south of Wm. J. Rodden's northwest corner (with no description of that corner) and as running thence south with Rodden's west boundary line. As shown by the testimony of defendants in error's expert witness, there are no witness trees or other evidence of an old corner by which Rodden's corner can be identified. There remains of the particular description the call for the east line of the tract to run for its entire length with Rodden's west boundary line, when that call is applied to the ground two lines are found to which it may have reference, one the well marked and established line then in use as the boundary between Mrs. Middleton's land on the west and the Rodden land on the east and the other an unmarked line, the location of which could be determined only by construction from the northwest corner of the Tate tract.

The reasonable conclusion is, in our opinion, that Mrs. Middleton intended by the call in her deed to Everett to refer

to the marked, established and used line rather than to a line unmarked and to be determined by construction. That she intended to refer to the established line to convey all of the land owned by her as far east as that line unmistakably appears from the facts hereinbefore referred to which are proven by undisputed evidence. A short time after the Beham land was conveyed to Margaret Hill for W. C. Shoults, who was then Mrs. Middleton's husband, Mr. Shoults pointed out to Mrs. Middleton the fence along the marked line as the east boundary of the property that he had bought. They went into possession of the whole tract up to that fence and culti-vated and possessed it as one tract until Mrs. Middleton con-veyed it to Everett. In her deed to Everett she used the same description as that contained in the deed by which her hus-band had acquired the land. She surrendered possession of all of the land to Everett, paid thereafter no taxes on any land in the vicinity and made no claim to the land in controversy until a short time before this suit was filed.

If further evidence of Mrs. Middleton's intention were needed it is found in her positive testimony, which is in full harmony with her conduct, that she considered the fence to be the east line of the land when she bought it and also when she sold it to Everett and that she intended by her deed to Everett to convey the land from one fence to the other. The same intention is disclosed by the general description con-tained in the deed to Everett which is that the land conveyed is the south one-half of the original Katie M. Beham home-stead. Such general description may be considered in aid of the particular description. Sun Oil Co. v. Burns, 125 Texas 549, 555-6, 84 S. W. (2d) 442; Ford v. McRae, 128 Texas 106, 112, 96 S. W. (2d) 80; Hunt v. Evans, 233 S. W. 854 (appli-cation for writ of reror refused); Davis v. Tate, 101 S. W. (2d) 1069 (application for writ of error refused).

The trial court should have sustained the defendants' mo-tion for instructed verdict presented after both plaintiffs and defendants had rested. The judgment will be here rendered that the trial court should have rendered. While we are not in agree-ment with the conclusion of the Court of Civil Appeals that the description of the land set out in the plaintiffs' petition and in the trial court's judgment is fatally defective, we in-corporate in the judgment rendered here, in order to make the subject matter of the suit and of the judgment more certain, both the description contained in the plaintiffs' petition and

that set out in the cross action of J. B. Bond and Frank R. Foster, Inc., two of the defendants in the trial court, plaintiffs in error in this court. It is apparent from the record that the two pleadings describe substantially the same land.

The judgments of the district court and the Court of Civil Appeals are reversed; and judgment is here rendered that the plaintiffs in district court, Mrs. Ora May Shoults Middleton and her husband, W. R. Middleton, defendants in error in this court, take nothing against the defendants in district court, plaintiffs in error in this court, by their suit for the land described in the plaintiffs' petition in district court and take nothing against the said defendants by their suit for the land as the same is described in the cross action of defendants in district court, J. B. Bond and Frank R. Foster, Inc., and that said plaintiffs take nothing against the defendants, or any of them, by their suit for damages; and judgment is here rendered, on the cross action filed in district court by defendants J. B. Bond and Frank R. Foster, Inc., in favor of said defendants and against the plaintiffs Mrs. Ora May Shoults Middleton and her husband, W. R. Middleton, for the title and possession of the oil and gas leasehold estate (the seven-eighths working interest) in the land described in said cross action.

Opinion adopted by the Supreme Court November 5, 1941.