### GILSTRAP, et al. v. IMPERATOR OIL CORPORATION et al.
### No. 11447.

Court of Civil Appeals of Texas. Galveston.

Dec. 17, 1942.

Rehearing Denied Jan. 28, 1943.

Frank C. Bolton, of Henderson, and Syd Reagan, of Texarkana, Ark., for appellants.

Charles B. Ellard, of Dallas, and Baker, Botts, Andrews & Wharton, James L. Shepherd, Jr., and Tom M. Davis, all of Houston, for Atlantic Refining Co.

Wallace Hawkins and C. B. Wallace, both of Dallas, and Brachfield & Wolfe, of Henderson, for Magnolia Petroleum Corporation.

Scurry & Scurry, of Dallas, for Union Oil Co. of Texas and Shaw Oil Co.

Golden, Croley & Howell, of Dallas, for Imperator Oil Corporation, North Star Oil Corporation, W. A. Southworth, and Great State Oil Corporations.

Brachfield & Wolfe, of Henderson, for East Texas Oil Refining Co., Harriet Burford, R. T. Pool and wife, Sybil Pool.

Norman M. West, of Houston, for Afton Thrash and W. A. Haynes et al.

M. H. Barton, of Overton, for defendants cited by publication.

Weeks, Hankerson & Potter, of Tyler, for Katie Thurmon Coast et al.

Ely Straus, of Dallas, for Royal H. Brin.

Saye & Saye, of Longview, for Smith Price et al.

H. H. Wellborn, of Henderson, for Melissa Pool, Ras (L. E.) Pool et al.

Dean W. Turner, of Troupe, for L. W. Turner et al.

James N. Ludlum, and David B. Trammell, both of Fort Worth, for Gaylord H. Chizum, Joe E. Estes, Galloway Calhoun, et al.

MONTEITH, Chief Justice.

This is a suit in trespass to try title brought by appellants, Lloyd Gilstrap, individually, and as guardian of the persons and estates of Aneta Gilstrap and Margie Nell Gilstrap, minors, and by Lorine Gilstrap Shaw and her husband, Wiley Shaw, L. D. Gilstrap and Obie Gilstrap, against appellees, Imperator Oil Corporation and approximately 100 others, to recover a 6/7 of 1/16 interest in approximately 17.76 acres of land, a part of the Maria Josepha Pru League Survey in the East Texas Oil Field in Rusk County, Texas, and for damages.

In addition to their formal petition in trespass to try title, appellants specially pled the ten-year statute of limitations. Vernon's Ann.Civ.St. art. 5510. They sought damages for the oil produced from said land, and by special plea they sought to set aside a compromise judgment and settlement in cause No. 9929 in the district court of Gregg County, styled Mrs. C. J. Schuler et al. v. Ras (L. E.) Pool et al., which was alleged to have been both void and fraudulent.

Appellees answered by exceptions, a general demurrer and a plea of not guilty. They specially pled the 2, 3, 4, 5, 10, and 25 year statute of limitations. Certain of the appellees relied upon the defense of innocent purchaser. By supplemental petition certain of appellants pled their disability of minority and Lorine Shaw pled her coverture.

At the conclusion of the evidence by all parties, the court, on motion by certain of the appellees, instructed the jury to return a verdict in favor of all appellees and against appellants. Judgment was rendered in accordance with this verdict.

The 17.76 acres of land in controversy is described by appellants in their pleadings as beginning at a point on the north boundary line of the 96 acre tract of land known as the Schuler homestead tract, and 582 varas from the northwest or beginning corner of said tract; thence south 933 varas to the south boundary line of said 96 acre tract for corner; thence east 108 varas to corner; then north 933 varas to corner; thence west 108 varas to the place of beginning. It is the contention of appellees that the 17.76 acres of land in controversy is inside of and constitutes the eastern portion of the said 96 acre Schuler homestead tract and that the title thereto passed out of the Schuler heirs by deeds conveying said homestead tract, and that it passed by a regular chain of mesne conveyances into L. E. (Ras) Pool, under whom appellees claim title.

The appellants herein are six of the seven children of Monnie Gilstrap (nee Schuler). They assert ownership by inheritance from her, asserting that she was the owner of such interest at the time of her death in 1931. Appellees contend that Monnie Gilstrap had conveyed all of her interest in said property to Mrs. M. I. Russell by her deed dated January 13, 1912, and that she had no interest in said land to transmit to her children upon her death.

Appellees also relied upon a compromise judgment and settlement in cause entitled Mrs. C. J. Schuler et al. v. Ras (L. E.) Pool et al., in the district court of Rusk County, wherein appellants, who were named therein as parties plaintiff, sought recovery of the 17.76 acres of land involved in this action.

The land involved herein is a part of Block No. 9 of a partition of the Pru and Ximenes Leagues in Rusk County, Texas, which was awarded to Frost Thorn, Jr., in a partition of his father's estate. The south half of said Block No. 9 was later subdivided into Blocks 21 of 96.1 acres and Block 22 of 79 acres. Upon the death of Frost Thorn, Jr., John Durst was appointed guardian of the estates of his two surviving children. On March 31, 1882, John Durst, as such guardian, conveyed said Block 21 of the subdivision of said Block No. 9 to C. J. Schuler, the grandfather of appellants, by the following description: "Ninety Six and 1/10 acres, being block number twenty one of the M. J. Pru League bounded as follows: Beginning on the east boundary line of block No. 19 about 1455 varas west and about 861-8/10 varas south from the original north east corner of said league from which a pine bears N 73 deg. W 6-6/10 varas, and another pine bears S 89 deg. W 7-4/10 varas. Thence east 582 to the northwest corner of Block No. 22, from which a Hickory bears N 50 deg. 1/2 W 6-8/10 varas and another hickory bears N 82 deg. W 2 varas. Thence South 933 varas to a corner same being the south west corner of said block 22, from which a hickory bears N 88 deg. W 3 varas, and another hickory bears N 59 deg. E 2-2/10 varas; Thence West 582 varas to the south east corner of Block No. 20, from which a red oak bears S 28 deg. W 5 varas and a pine bears N 56 deg. W 7 varas; Thence North 933 varas to the beginning."

Thereafter, on February 15, 1884, John Durst, as such guardian, conveyed said Block No. 22 of the subdivision of said Block No. 9, to W. B. Giles by the following description:

"Block Number 22, 79 acres of the subdivision of the Maria Josefa Pru league of land situated in Rusk County, Texas, and bounded as follows, to-wit:

"Beginning at the South East corner of John Brassfields 177 acre tract 395 varas west and 861-8/10 varas south of the northeast corner of said league from which a pine 9 inches in dia bears S 49 deg. E one vara and a Red Oak 3 in in dia bears N 45-1/2 deg. E 1-8/10 varas;

"Thence West 478 varas north east corner of block No. 21 on John Brassfields south boundary line of 177 acre tract from which a hickory 5 in in dia bears north 50-1/2 deg. West 6-8/10 varas, hickory 4 in in dia bears north 82 deg. west 2 varas;

"Thence South 813 varas branch course south east at 882 varas a road course southeast at 933 varas corner from which a hickory 7 in in dia bears N 88 deg. W 3 varas hickory 3 in in dia bears N 59 deg. E 2-2/10 varas.

"Thence East with the north boundary line of Block No. 12, 478 varas to corner from which a pine 9 in in dia bears north 88 deg. East 5 varas, post oak 10 in in dia bears S 36 deg. E 5-2/10 varas;

"Thence North 230 varas deep branch, course southeast at 933 varas the beginning."

On October 22, 1910, Mrs. C. J. Schuler, the widow of C. J. Schuler, deceased, and all of her children except Monnie Schuler Gilstrap, the mother of appellants, who was then a minor, conveyed said Block 21 to J. N. Cobb by substantially the same description as in the deed from John Durst, guardian, to C. J. Schuler. This deed recited that said land was known as the C. J. Schuler homestead.

On November 28, 1910, J. N. Cobb conveyed said land to Mrs. M. I. Russell, and on January 13, 1912, Monnie Gilstrap and her husband, Troy Gilstrap, the parents of appellants, conveyed Monnie Gilstrap's 1/16 undivided interest in said land to Mrs. M. I. Russell. In said deed the property was described as: "Being a part of Mariah Josepha Pru Headright Survey of about 12 miles N. W. of Henderson, Texas, and is fully described in deed from Mrs. C. J. Schuler et al. to J. N. Cobb dated Oct 22nd, 1910, and which said land so conveyed in said deed is the old homestead tracts of land of C. J. Schuler, decd., and

this deed conveys an undivided 1/16 interest in and to said parcels or tracts of land, so described in said deed from Mrs. C. J. Schuler et al. to J. N. Cobb, and the metes and bounds and field notes of same are hereby referred to as a part of this deed for a more complete description of same, and which said deed is duly recorded in Vol. 67 page 381-6 Deed Records of Rusk County, Texas."

On December 21, 1921, Mrs. M. I. Russell conveyed said 96.1 acres of land to Ras Pool, under whom the appellees claim title, by the same description as in the deed from J. N. Cobb to her.

■ It is the settled law in this state that, where, in a conveyance, there is a conflict between the calls for distance and quantity and a call for a natural or an artificial object, the former must yield to the latter in the absence of extraneous evidence showing a contrary intention. John Hancock Mutual Life Ins. Co. v. Faries, Tex.Civ.App., 112 S.W.2d 500; Wilburn v. Abercrombie, Tex.Civ.App., 125 S.W.2d 408, writ refused; Bond v. Middleton, 137 Tex. 550, 155 S.W.2d 789; Humble Oil & Refining Co. v. Ellison, 134 Tex. 140, 132 S.W.2d 395.

The record in the instant case shows that the north line of said Block No. 9, which was later subdivided into Blocks Nos. 21 and 22, is called for as being 1,160 varas east and west. The north line of said Block 21, the western portion thereof, had a called distance of 582 varas, and the north line of said Block 22, the eastern portion thereof, had a called distance of 478 varas, making a total of 1,060 varas for the combined north lines of the two blocks instead of the called distance of 1,160 varas for the north line of said Block No. 9, leaving a shortage in one of said blocks of 100 varas. However, the field notes of said Blocks 21 and 22 call for each other and field notes of each tract call for identical bearing trees at their two common corners, one being the original bearing tree at the southeast corner of Block 22, which was shown by the undisputed evidence to have been still standing at the time of the trial, and another bearing tree, a hickory, called for at the southeast corner of Block 21 and the southwest corner of Block 22, shown by the evidence to have been standing in 1930 and to have been marked by its stump hole at the time of the trial. It was further established by undisputed evidence that the distance between the two corners of said Block 22 thus established checks with the call for distance, 478 varas, on its south line.

■ The description in the deed from Monnie and Troy Gilstrap to Mrs. Russell calls for the same land conveyed by the Schulers to J. N. Cobb and said deed from the Schulers to Cobb calls for the northwest and southwest corners of Block 22, the W. B. Giles land, with identical bearing trees, thereby establishing conclusively, under the authorities here cited, that the east line of the Schuler homestead tract is also the east line of the land in controversy and that therefore it must lie within the said Schuler homestead tract. It follows that, since the deed from Monnie and Troy Gilstrap to Mrs. M. I. Russell of January 13, 1912, divested Monnie Gilstrap of all interest in the record title to the land in controversy, appellant inherited no interest therein from her at her death in 1931. Humble Oil & Refining Co. v. Ellison, 134 Tex. 140, 132 S.W.2d 395; Bond v. Middleton, 137 Tex. 550, 155 S.W. 2d 789; Anderson v. Oil Producing Co., Tex.Civ.App., 83 S.W.2d 418, writ refused; Ballard v. Stanolind Oil & Gas Co., 5 Cir., 80 F.2d 588; Muldoon v. Sternenberg, Tex.Com.App., 161 S.W.2d 783; Wilburn v. Abercrombie, Tex.Civ.App., 125 S.W.2d 408, writ refused.

Numerous other assignments are presented by appellants in their brief, including assignments that the court erred in refusing to submit to the jury appellants' requested special issues as to the intent on the part of appellees to defraud appellants out of their interest in the land in controversy by procuring the settlement and judgment in said cause No. 9929, and in refusing to submit to the jury appellants' requested special issue under the ten-year statute of limitations.

■ As we view the record no issue could have been properly submitted as to the fraud of appellees in procuring the settlement and judgment in said cause No. 9929, since the undisputed facts disclosed that appellants had no interest in the land in controversy in 1933, the date of the rendition of the judgment in said cause No. 9929, because of the conveyance by their mother of her interest in said land to Mrs. M. I. Russell in 1912.

■ As to appellants' assignments that the court erred in refusing to submit their requested issue under the ten-year statute

of limitation, no evidence was introduced by appellants as to any occupation or use of said land either by themselves or their predecessors in title subsequent to the date of the sale of said land by the Schulers in 1910, therefore no issue on limitation could properly have been submitted to the jury.

We have carefully examined all other points presented by appellants in their brief. None of them, in our opinion, show error in the action of the court in instructing a verdict in favor of appellees.

The judgment of the trial court will be in all things affirmed.

Affirmed.