**DEAN et al. v. WILLIS et ux.**

No. 6470.

Court of Civil Appeals of Texas.
Texarkana.

Jan. 26, 1950.

Rehearing Denied Feb. 16, 1950.

Florence & Florence, Gilmer, D. S. Meredith, Jr., Longview, for appellants.

Milton Greer Mell, Power, McDonald & Mell, and F. L. Garrison, Gilmer, for appellees.

HALL, Chief Justice.

Appellee C. B. Willis and wife, as plaintiffs in the lower court, instituted this suit against appellants Jerry Dean, Charles Dean, Everett Dean, John Edward Dean, and Billy Joe Dean, Mrs. Carrie Warren, a widow, and her children, in trespass to try title and for damages for cutting certain sawmill timber. The action between appellees and Mrs. Warren and her children was in trespass to try title, while the action against the Deans was for damages for wilfully cutting the pine timber allegedly located on the appellees' land. Appellants answered with a plea of not guilty and general denial.

Trial was to a jury on special issues, which were answered favorably to appellees and judgment for them was entered fixing their west boundary line as A-B, and for damages in the sum of $45 for the timber cut and removed from the land in controversy.

Appellants bring forward one point,

which is: "A call for a corner prevails over a call for course and distance."

The following map will illustrate the issue in dispute:

N

Metcalf (Blundell)

Warren fee

Burford Willis fee

W         E

Jno. Trydle Survey

Chas. Duncombe Survey

Rock for corner (admitted by all parties)

M. Rowell Survey

S

This suit involves the establishment on the ground of the west line of appellees' land and the east line of appellants' land, the two tracts being adjacent. It is appellants' contention that the line marked A-B1 is the dividing line between appellees' and appellants' tracts of land, while appellees contend that the line A-B is the correct boundary line between the two tracts of land. The timber cut and removed for which damages were allowed against Jerry Dean was located between these two lines. The call in appellees' deed for their west line begins at a rock at the Northwest corner of the M. Rowell Survey and the Southwest corner of the Charles Duncombe Survey, "thence north 838 varas to a stake at the southwest corner of a tract formerly owned by T. J. Metcalf (now owned by Blundell)." Ap-

pellees' surveyor in running appellees' west line began at a rock which is the admitted northwest and southwest corners of the Rowell and Duncombe surveys, respectively. He ran a line A-B 838 varas in accordance with the call for course and distance in appellees' deed and located his northwest corner at point B, 67 feet west of the southwest corner of the Metcalf (Blundell) tract as fixed by Metcalf's wire fence.

It is appellants' contention that appellees' west line having called for the southwest corner of the Metcalf tract of land, the call for course and distance must yield to the call for the corner as established on the ground by Metcalf at the time the land was conveyed to appellee. This contention is borne out by the decisions of this state, Dow et al. v. American Liberty Oil Co. et al., Tex.Civ.App., 83 S.W.2d 401

(w.r.); Anderson et al. v. Atlantic Oil Producing Co. et al., Tex.Civ.App., 83 S. W.2d 418 (writ refused); Tide Water Oil Co. v. Hale et al., Tex.Civ.App., 92 S.W. 2d 1102 (writ dismissed). The above three cases are by this court. Bond et al. v. Middleton et al., 137 Tex. 550, 155 S.W.2d 789 (Sup.Ct.), cites with approval the holding in Dow et al. v. American Liberty Oil Co., supra. In Dow v. American Liberty Oil Co., supra, we held that [83 S.W.2d 403]: "The location of Edmond Smith's southeast corner on the ground at the time Sallie Smith purchased would fix the location of the call in Sallie Smith's deed calling for his southeast corner rather than Edmond Smith's southeast call in his deed as fixed by course and distance. In other words, when Sallie Smith purchased from Elder, Edmond Smith had his southeast corner established on the ground at the northeast corner of block 3 of Elder subdivision. It is our opinion that the call in Sallie Smith's deed for her northeast corner to be at Edmond Smith's southeast corner would mean his southeast corner as fixed on the ground at the time she purchased rather than a course and distance call named in his deed."

Thus it would seem the call in appellees' deed "to begin at a rock for his southwest corner; thence north 838 varas to Metcalf's southwest corner" would fix appellees' northwest corner at Metcalf's southwest corner as located on the ground at the time appellees' deed was executed and that the course and distance call named in appellees' deed must yield to the call for the particular object, namely, the Metcalf southwest corner.

True it is that appellees' surveyor in fixing the line A-B as appellees' west line surveyed it to the south of point "A" for about a mile between different headrights and to the north of "B" on his line, with the boundary lines of old headrights in that direction. The surveyor testified that the line for this entire distance between the old headrights both to the north and to the south ran due north, and the line A-B, as he ran it, when extended would fit the dividing lines between the old surveys both to the north and to the south of ap-

pellees' west line. But aside from such fact the specific call in appellees' deed for his northwest corner to coincide with Metcalf's southwest corner must prevail over the call for course and distance in establishing appellees' west line in view of the fact that Metcalf's fenced corner, the testimony shows without dispute, was established at the time appellee purchased his land and had been so established for many years. This undisputed fact, as a matter of law, fixes appellees' northwest corner at Metcalf's (Blundell) southwest corner as located on the ground at the time appellees purchased their land. Appellants' point 1 is sustained.

The judgment of the trial court is reversed and judgment is here rendered for appellants.