## C. B. WILLIS ET UX V. JERRY DEAN ET AL.

No. A-2620. Decided October 18, 1950.
Rehearing overruled November 22, 1950.
(233 S. W., 2d Series, 564.)

*Powell, McDonald & Mell, F. L. Garrison* and *Milton Greer Mell,* all of Gilmer, for petitioners.

The Court of Civil Appeals erred in holding that the Northwest corner of petitioners', Willis, land is fixed as a matter of law, at the fence corner, there being evidence to support the verdict of the jury and the judgment of the court fixing the said Northwest corner at the stake designated by course and distance. Said Court also erred in holding that, as a matter of law, the rule of comparative dignity of calls for a corner over a call for course and distance in petitioners' deed fixed the North west corner of their land at the fence corner, in the face of evidence that said corner was actually at the stake called for in the course and distance call. Dow v. American Liberty Oil Co., 83 S. W. 2d 401; Anderson v. Atlantic Oil Producing Co., 83 S. W. 2d 418; Tidewater Oil Co. v. Hale, 92 S. W. 2d 1102.

*D. S. Meredith,* of Longview, and *Florence & Florence,* and *C. E. Florence,* all of Gilmer, for respondents.

In opposition to the propositions of petitioners, respondents, cite; Kirby Lumber Co. v. Gibbs Bros. & Co., 14 S. W. 2d 1013;

State v. Indo Cattle Co., 154 S. W. 2d 308; City of Dallas v. Schawe, 12 S. W. 2d 2d 1074.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This cause is a suit brought by the petitioners against respondents in the nature of a trespass to try title action and for the value of timber taken by respondents from the tract of land in question and which land petitioners claim to own. Generally speaking, the petitioners, C. B. Willis and wife, owned a tract of land lying immediately east of a tract of land owned by respondents, the heirs of John Warren, deceased. The map shown in the Court of Civil Appeals opinion (228 S. W. 2d 215) correctly shows the location of the lands owned by the respective parties and the boundary line in dispute. The opinion also correctly states the nature and result of the suit.

Trial was to a jury in the trial court and on findings of the jury that the line claimed by petitioners (the line farthest west) was the true boundary, judgment was for petitioners. On appeal the Court of Civil Appeals held that since the calls relied upon by petitioners were only general calls for course and distance, these calls were subordinate to those for a fixed point (the corner of the Metcalf tract) relied upon by respondents, and reversed the judgment of the trial court and rendered judgment for respondents for the farthest east line as the true boundary. Petitioners in this court contend that the location of the true boundary was a jury question and since there is evidence in the record to sustain the jury's verdict (and consequently the trial court's judgment), it was error for the Court of Civil Appeals to disregard the jury verdict and trial court's judgment, and to hold the location of the boundary line was a matter of law and to give judgment for respondents.

We have carefully read the statement of facts and fail to find therein any markings found on the ground by petitioners' witness, McClelland, which show that any surveyor ran the line claimed by petitioners as the dividing line between the parties' land until the 1940's. On the other hand, the undisputed evidence shows that since 1898 the southwest corner of the Metcalf (Blundell) land has been recognized on the ground as the fence corner made by the intersection of the fence on the west and the south lines of the Metcalf (Blundell) lands. The deeds under which petitioners received their title called for this corner to be "thence north 838 varas *to a stake* at the southwest corner of a tract formerly owned by T. J. Metcalf (now owned by Blundell)," and being the fence corner as it then (1945) existed

on the ground. This call had been in the deeds to the land since at least 1928, and as said above, the corner was in existence in 1898. Such being the facts there is no need to write further, as the opinion of the Court of Civil Appeals correctly states the law applicable, and also correctly disposes of the cause.

The judgment of the Court of Civil Appeals is in all things affirmed.

Opinion delivered October 18, 1950.

Rehearing overruled November 22, 1950.